**B1040 (FORM 1040) (12/24)**

FILED

APR 10 2026

Amended 25-04033 elm

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Dr. Michael J Methner  Lisa Methner  4201 County Road 1022  Cleburne TX 76033   817-937-1354 | DEFENDANTS  Integrity Foundation Repair (IFR)  8500 Bentrook |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)    Same | ATTORNEYS (If Known)  Norred Law Firm |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        □ Other<br>□ Trustee | ☒ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See attached 3 Pages

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [x] 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [x] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [x] 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [x] 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 170,000. plus 8.25% interest |
| Other Relief Sought    See attached Pages. | |

**B1040 (FORM 1040) (12/24)**

*Amended 25-04033elm*

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  (IFR)<br>Integrity Foundation Repair | BANKRUPTCY CASE NO.<br>25-40111-elm 11 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Edward L. Morris |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF Michael Methner<br>Lisa Methner | DEFENDANT<br>Integrity Foundation Repair | ADVERSARY<br>PROCEEDING NO.<br>25-04033-elm |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern District of TX | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Edward L. Morris |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signatures]* Lisa Methner | | |
| DATE<br>04-10-2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT

Northern District of Texas
Fort Worth division

IN RE: DEBTOR IFR FOUNDATION REPAIR CO.INC.
CHAPTER 11 CASE NO 25-40111-elm

CREDITORS DR MICHAEL AND LISA METHNER
AMENDMENT TO ADVERSARIAL CASE NO 25-04033-elm

MOTION TO APPOINT CHAPTER 11 TRUSTEE, OR ALTERNATIVELY, EXAMINER, FOR RULE
2004 EXAMINATION AND RELATED RELIEF BASED ON BAD FAITH DEBTOR.

MOVANT RESPECTFULLY REQUEST AN ORDER PROVIDING THAT JUDGE GALLAGHER'S
DAMAGES OF PRINCIPLE WITH ACCRUED INTEREST BE UPHELD.

RESPECTFULLY REQUEST THAT THE DEBTOR'S COUNCIL'S MOTION FOR ENTRY OF FINAL
DECREE AND ORDER CLOSING THE CASE UNDER SUBCHAPTER V ON 04/06/2026 BE
DENIED AND THAT A HEARING BE SET AT THE COURTS EARLIEST CONVIENCE.

TO THE HONORABLE EDWARD L. MORRIS

NOW COMES Creditor's Dr Michael and Lisa Methner appearing pro se and respectfully
request that the Court appoint a chapter 11 trustee under 11 U.S.C. & 1104(a) or
alternatively appoint an examiner under 11U.S.C. & 1104(c) authorize a Rule 2004
examination and granted relief for a Bad Faith Debtor found guilty of knowingly and
intentionally fraud. Movant respectfully request that the court enter an order, determining
that the subject debt is the kind governed by 11 U.S.C. & 523(a)(2) subject to adjudication
in the proper procedural vehicle if not already determined; recognizing that the debt
includes all liability from fraud under Cohen v. de la Cruz, determining that 11 U.S.C &
502(b)(2) generally disallows post-petition interest as part of an allowed unsecured claim
against the estate during the bankruptcy case; further determination that disallowance
does not extinguish Debtor's liability for post-petition interest on any debt ultimately held
non dischargeable, determining that the Movant is entitled to post-petition interest during
the case as well, to the extent the Movant proves entitlement under U.S.C. & 726(a)(5),
although U.S.C. & 726(a)(5) are generally only allowed in Chapter 7 Bankruptcies. Post-
Petition interest has been allowed in Chapter 11 Bankruptcies by the Court under certain
circumstances. Creditor's request is based on Debtor's denial of participation in a U.S.
Trustee proceeding, resulting in prejudice to Creditor rights and the need for corrective
relief, specifically in cases of solvent debtors "Courts have recognized that post-petition
interest may be payable in Chapter 11solvent-debtor cases. See, e.g. In re Ultra Petroleum

Corp; 51 4th 138 (5th Cir. 2022); In re PG&E Corp; 46 F. 4th 1047 (9th Cir. 2022); In re The Hertz Corp., 23-1170(3rd Cir. Nov 6th 2024)."

1. Creditor is a party in interest in this case and holder of a claim based on a state Court fraud judgement.

2. On or about 06/10/2024 in a state civil suit in Judge Gallagher's Tarrant County Court, CASE NO 096-334100-22. The Debtor was found guilty of knowingly and intentionally committing fraud against the Creditor. Damages of 170,000 at 8.25% interest compounded annually to start at date of final judgement.

3. Serial bankruptcy filings, Chapter 13 bankruptcy filed with an assurance to our council by Debtor's council through e-mail 11/23/2024, that this would allow the debtor to sell a couple of pieces of land and that they could resolve the issue of satisfying the debt by Jan 2025.

4. Instead of satisfying the debt in accordance with Debtor's council's e-mail, in contempt of a Judge Gallagher's order to turn all financial records over to the Court receiver by 17:00, 01/2/2025. the debtor waited 14 days in contempt of Court prior to filing a Chapter 11 Bankruptcy suit.

5. On 02/15/2025 at 9:00am a Creditor's meeting was held. The Movant's had no notification of the Creditor's & 341 meeting at all, failing to comply with Fed. R. Bankr. P.1007(a)(1) & 11 U.S.C. & 342(a) requiring a minimum of 21days notice.

6. The prejudice to the creditor is concrete: The Creditor lost the chance to attend the &341 meeting. The Creditor lost the chance to question the Debtor under oath about assets, transfers, fraud, omissions, insiders and financial records.

7. Cause exist to appoint a Chapter 11 trustee under 11 U.S.C. & 1104(a) including fraud dishonesty, and the interest of creditors and the estate. Alternatively an examiner should be appointed under 11 U.S.C. &1104(c) to investigate the Debtor's financial affairs, insider transfers, all post judgement distributions and compliance with previous court orders

8. Creditor also request authority under Fed. R. Bankr. P. 2004 to examine Debtor and obtain documents concerning Debtor's acts, conduct, property, liabilities, financial condition, insider transfers, bank records, tax returns, accounting records and turn over compliance.

9. Creditors believe that hearing should proceed at the courts earliest convenience because Debtor's conduct shows risk of continued concealment loss of records, or dissipation of assets.

WHEREFORE, CREDITOR RESPECTFULLY REQUEST THAT OF THE COURT:

A. Appoint a Chapter 11trustee under 11U.S.C. 1104(a);

B. Alternatively an examiner under 11U.S.C 1104(c);

C. Authorize creditor to conduct a Rule 2004 examination of debtor and require production of financial records, bank statements, tax returns, ledgers, and documents showing owner draws, shareholder distributions, insider transfers, in contempt of Judge Gallagher's turnover orders.

D. Find that notice of the 341 meeting was defective and untimely under Fed. R.Bankr. P 2002 (a)(1) and Local Bankruptcy Rule 2002-1;

E. Preserve Creditor's rights affected by deadlines tied to the first date set for the meeting of creditor because notice was not received until after the meeting occurred.

F. Grant expedited consideration if the Court deems proper; and grant such other and further relief as is just and proper

Respectfully submitted,

Dr. Michael and Lisa Methner

817-680-8261  atomant461@gmail.com