UNITED STATES BANKRUPTCY COURT

Northern District of Texas

Fort Worth Division

In re: DEBTOR IFR FOUNDATION REPAIR CO. INC

CHAPTER 11 CASE NO 25-04033-elm.

**FILED**

APR 13 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

CREDITOR'S DR MICHAEL AND LISA METHNER

AMENDMENT TO ADVERSARIAL CASE NO 25-04033-elm

CREDITOR'S OBJECTION TO DISALLOWANCE OF POST-PETITION INTEREST AND TO PLAN
TREATMENT OF FRAUD JUDGEMENT

TO THE HONORABLE EDWARD L. MORRIS

Creditor's Dr Michael and Lisa Methner pro se files this objection to any effort by Debtor to
disallow, discharge, or avoid liability for post-petition interest on Creditor's fraud
judgement, and would show:

1. Creditor's hold a state-court ordered judgement against the Debtor in the
   principle amount of $170,000 plus interest at 8.25% based on a jury finding of
   knowingly and intentionally committed fraud.

2. Before filing this Chapter 11 case Debtor was ordered by the state court to turn
   over all financial documents to the court appointed receiver.

3. Instead of complying with the state court order the Debtor filed serial bankruptcy
   cases including Chapter 11 case to hinder collection and avoid compliance with
   a state-court turn over order.

4. Creditor's did not receive any notice of the bankruptcy filing or of the 11 U.S.C. & 341 meeting of creditors.

5. The Debt is nondischargeable under 11 U.S.C & 523(a)(2)(A) because it arises from fraud. RecoverEdge L.P. v. Pentecost 44 F3d 1284, 1292-93 (5th Cir. 1995); Cohen v. de la Cruz, 523 U.S. 213, 218-23 (1998).

6. The debt is independently nondischargeable under 11 U.S.C (a)(30(B) because the creditor did not receive notice or actual knowledge of the case in time to protect its rights. Omni Mfg.,Inc. v. Smith (In re Smith),21F.3d 660, 665-66 (5th Cir.19940)

7. Although 11 U.S.C. & 502(b)(2) generally disallows unmatured interest as a claim against the estate, pos-petition interest on a nondischargeable debt remains collectable from the Debtor personally. Bruning v. United States, U.S. 358,360-63 (1964).

8. The Fifth Circuit likewise holds that ancillary obligations, follow the status of the Underlying debt. Matter of Gober, 100F.3d 1195, 1208 (5th Cir. 1996)

9. Accordingly, Debtor may not use this Chapter 11 case to avoid personal liability for post-petition interest accruing on the Creditor's non dischargeable fraud judgement.

10. Debtor's filing of this Chapter 11 case after entry of the turn over order, together with Debtor's failure to provide notice to Creditors of the & 341 creditor's meeting demonstrates bad faith. See 11 U.S.C & 1112(b), U.S.C & 1129(a)(3); Little Creek Dev. Co. v. Common Mortg. Corp.,779F.2d 1068, 1072-73 95th Cir. 1986); in re Parson, 635 B.R. 613,626 (Bankr. N.D. Tex. 2021).

11. Any plan or pleading that seeks to cut off, omit, or discharge post-petition interest on Creditor's fraud judgement is contrary to 11 U.S.C. & 523(a)(2)(A), 523(a)(3)(B) and controlling authority including Bruning, Gober and Cohen

PRAYER

WHEREFORE, Creditor requests that the Court:

sustain this objection;

rule that the Debtor remains personally liable for post-petition interest on Creditor's fraud judgement;

deny confirmation of any plan that disallows, omits, or impairs such post-petition interest; and

grant Creditor's all other relief to which it is justly entitled.
Respectfully submitted

Dr. Michael and Lisa Methner
4201 Co. Rd. 1022 Cleburne Tx 76033
817 680 8261
Atomant461@gmail.com