DEFENDANT'S EXHIBIT A

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

|  |  |
|---|---|
| **In re:**<br>**IFR Foundation Repair Inc.**<br>4800 Benbrook Blvd<br>Fort Worth, TX 76116<br>EIN: 46-2297346<br><br>**Debtor** | **Case No. 25-40111-elm11**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

### SUBCHAPTER V AMENDED PLAN OF REORGANIZATION

### AMENDED DATED: September 29, 2025

---

### ARTICLE I – INTRODUCTION

IFR Foundation Repair Inc., the Debtor and Debtor in Possession, hereby proposes the following *Amended* Plan of Reorganization pursuant to Chapter 11, Subchapter V, of Title 11 of the United States Code. This Plan provides for the restructuring of the Debtor's financial obligations and continuation of its business.

Summary of Amendments: This Amended Subchapter V Plan clarifies the treatment of tax claims and synchronizes the financial schedules with current filed claims. Secured ad valorem taxes owed to the taxing authorities will be paid in equal monthly installments with statutory interest as required by 11 U.S.C. § 511, with tax liens retained until paid in full, and all amounts completed no later than five years from the Petition Date. Priority tax claims (including the Texas Comptroller) will be paid in full within that same five-year window with § 511 interest, and—at the Comptroller's request—the Plan now includes standard notice, cure, and default remedies language.

The Plan further confirms that other secured creditors retain their liens and are paid directly in accordance with their contracts, with any arrears cured by the Effective Date (or as otherwise agreed in writing). The Methner claim payment terms are synchronized across Article V and the projections to present a consistent feasibility showing. These updates are intended to resolve pending tax-related objections, improve internal consistency, and present accurate, current information based on the filed claims.

## ARTICLE II – DEFINITIONS

The definitions contained in 11 U.S.C. §§ 101 and 1182 shall apply. Additional definitions may be set forth in the Disclosure Statement and/or herein, including:

- **Administrative Claim**: A claim under § 503(b) entitled to priority under § 507(a)(2).

- **Allowed Claim**: A claim that is not objected to, or has been allowed by Final Order.

- **Subchapter V Trustee**: Frances A. Smith.

- **Effective Date**: 30 days after entry of the confirmation order or such earlier/later date as set by the Court.

## ARTICLE III – BACKGROUND

The Debtor is a Texas-based construction company specializing in foundation repair and concrete stabilization. As of the petition date of January 10, 2025, Debtor had 8 W-2 employees and 30 contract workers. Debtor continues to operate and generate approximately $215,786.20 in monthly revenue.

Causes for filing included the Methner Judgment, tax debts, equipment obligations, and legacy secured claims. Debtor seeks to reorganize operations, restructure secured and priority debt, and continue providing services in the DFW area.

## ARTICLE IV – CLASSIFICATION OF CLAIMS

1. **Class 1 – Secured Tax Claims:**

   o **Tarrant County**: $13,508.73

   o **City of Benbrook**: $1,527.79

2. **Class 2 – Other Secured Claims:**

   o **Ford Motor Credit #1**: $21,931.53

   o **Ford Motor Credit #2**: $42,918.03

   o **Ally Bank**: $30,763.67

   o **Pinnacle Bank**: Under disputed; subject to separate resolution.

3. **Class 3 – Priority Claims:**

   o **IRS, Texas Comptroller of Public Accounts (Franchise Tax Claim),** and employee wage claims as allowed.

4. **Class 4 – General Unsecured Claims:**

   o Includes vendors, trade creditors, and deficiency claims.

5. **Class 5 – Equity Interests:**

   o All equity remains with existing owner Jeff Marshall.

6. **Class 6 – Michael Methner Judgment Claim:**

   o This class consists of the claim asserted by Michael Methner, which is the subject of Adversary Proceeding No. 25-04033. The Debtor agrees to pay this claim in full in the estimated amount of $170,000.00, notwithstanding the pending adversary proceeding. This claim shall be treated as a nondischargeable debt under 11 U.S.C. § 523 and shall be paid from the Debtor's post-confirmation income over time, on terms listed below, mutually agreed upon, or determined by further order of the Court.

### ARTICLE V – TREATMENT OF CLAIMS

- **Administrative Claims**: Paid in full on Effective Date or as agreed by holder and Debtor.

- **Class 1 (Secured Tax Claims) (Tarrant County & City of Benbrook claims)**: Paid in equal monthly installments, beginning on the first business day of the month following the Effective Date, with interest at the statutory rate of 12% per annum as required by 11 U.S.C. § 511, accruing from the Petition Date until paid in full; liens under Tex. Tax Code §§ 32.01 and 32.05 shall be retained; and all amounts shall be paid in full no later than January 10, 2030 (five years from the Petition Date).

- **Class 2 (Secured Creditors)**: Each of the secured creditors, as filed and allowed, in this class shall retain their liens and be paid directly by the Debtor in accordance with the original contractual terms. These payments shall be made outside the Plan. Any arrears, if any, shall be cured on or before the Effective Date (or such later date as agreed in writing with the creditor).

- **Class 3 (Priority Claims)**: Paid in full within five (5) years of the Petition Date, with interest at the rate required by 11 U.S.C. § 511 (from the Petition Date until paid in full).

A failure by the reorganized Debtor to make payment to the Comptroller pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure the Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the Comptroller, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this Court. Notice of default shall be served by first class mail upon the Debtor: 4800 Benbrook Blvd., Suite A, Fort Worth, TX 76116, Attn: Chief Executive Officer, and upon Debtor's counsel: Norred Law, PLLC, 515 E. Border St., Arlington, TX 76010, Attn: Clayton Everett; clayton@norredlaw.com.

The Debtor shall be allowed to cure up to two (2) defaults. Upon the third default, the Comptroller, at its option, may declare a default non-curable and proceed to collect the remainder of the debt.

- **Class 4 (General Unsecured Creditors)**: Pro-rata distribution from disposable income over 36 months; estimated recovery: (minimum $17,500 per year aggregate).

- **Class 5 (Equity)**: Retains interest; subordinated to all creditor classes.

- **Class 6 (Methner Nondischargeable Claim)**: Paid in full from post-confirmation income and not subject to discharge. Methner will receive $2,833.33 per month post-confirmation until the claim of $170,000 is paid in full.

## ARTICLE VI – IMPLEMENTATION

- Debtor to fund payments from business income.

- Exhibit A (attached): Projected cash flow and disposable income.

- Exhibit B (attached): Liquidation analysis showing creditors receive more under the Plan than in Chapter 7.

- Debtor to retain all assets not used to fund plan payments.

- **Disbursing Agent.** Pursuant to 11 U.S.C. § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by this Plan. Distributions shall begin on the first business day of the month following the Effective Date and continue until all payments are completed, and may be made by check, ACH, or wire.

- **Early Termination; Reappointment Reserved.** Effective on the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and submitting/receiving payment of any fees and expenses allowed under 11 U.S.C. § 330 as Administrative Expenses. The Court retains jurisdiction to reappoint the Subchapter V

Trustee (or appoint a successor) upon motion and notice for cause, including any material default under this Plan, failure to make timely distributions, or as otherwise appropriate.

## ARTICLE VII – EXECUTORY CONTRACTS

All executory contracts and unexpired leases not rejected before the Confirmation Date shall be deemed assumed.

## ARTICLE VIII – DISCHARGE AND RETENTION OF CLAIMS

Confirmation discharges the Debtor of all debts provided for in the Plan, except as otherwise provided in 11 U.S.C. § 1192. The Methner claim classified in Class 6 shall not be discharged and shall be paid in full.

## ARTICLE IX – MODIFICATION OF THE PLAN

Debtor may modify the Plan before confirmation. Post-confirmation modifications shall comply with § 1193.

## ARTICLE X – RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all matters related to the Plan, including:

- Plan implementation,
- Claim objections,
- Disputes concerning distributions,
- Modifications,
- Enforcement of confirmation order.

Respectfully submitted,

**IFR Foundation Repair Inc.**                    **NORRED LAW, PLLC**

__/s/ Jeff Marshall_____              __/s/ Clayton L. Everett____
By: Jeff Marshall, President & CEO               Clayton L. Everett
                                                 Texas State Bar No. 24065212
                                                 clayton@norredlaw.com
                                                 515 E. Border Street
                                                 Arlington, Texas 76010
                                                 Telephone: (817) 704-3984

                                                 Counsel for IFR Foundation Repair Inc.

## EXHIBIT A

**IFR FOUNDATION REPAIR INC.**
**PROJECTED CASH FLOW AND DISPOSABLE INCOME**

**Projected Period: 2025 - 2027 (Post-Confirmation)**

| Year | Total Income | Total Operating Expenses | Net Operating Income | Plan Payments | Net Cash Available |
|------|-------------|-------------------------|---------------------|---------------|-------------------|
| 2025 | $2,589,434.40 | $2,474,128.48 | $115,305.92 | $67,500.00 | $47,805.92 |
| 2026 | $2,718,906.12 | $2,597,834.90 | $121,071.22 | $67,500.00 | $53,571.22 |
| 2027 | $2,854,851.42 | $2,727,726.65 | $127,124.77 | $67,500.00 | $59,624.77 |

**Assumptions:**

- Plan Payments include minimum annual distributions of $17,500 to Class 4 (General Unsecured Claims), and $34,000 per year allocated toward the Methner Judgment Claim (Class 6).

- Net Operating Income based on average monthly revenue of $215,786.20 and net monthly surplus of $9,608.16 as reported in the Pre-Status Report.

- Income and expenses projected with 5% annual growth for three years.

- Debtor maintains sufficient cash on hand to fund monthly obligations and sustain operations.

These projections demonstrate the Debtor's ability to meet plan obligations from business income and maintain operations throughout the life of the plan.

Respectfully submitted,
**IFR Foundation Repair Inc.**

## EXHIBIT B

**IFR FOUNDATION REPAIR INC.**
**HYPOTHETICAL LIQUIDATION ANALYSIS**

**As of Petition Date: January 10, 2025**

| Asset Description | Estimated Liquidation Value |
|---|---|
| Cash on Hand | $7,689.82 |
| Accounts Receivable | $181,341.61 (70% of $259,059.44) |
| Vehicles and Equipment | $42,500.00 |
| Tools and Misc. Equipment | $10,000.00 |
| Office Equipment & Supplies | $5,000.00 |
| Inventory and Materials | $12,000.00 |
| Total Liquidation Value | **$258,531.43** |

---

**Estimated Liquidation Costs:**

- Chapter 7 Trustee Fees (10% est.): $25,853.14
- Chapter 7 Administrative Expenses: $15,000.00
- Auction/Asset Sale Costs: $10,000.00

**Total Liquidation Costs: $50,853.14**

**Net Estate Available for Distribution:** $207,678.29

---

**Priority of Distribution:**

- Secured Claims (est. recovery): $135,000.00
- Priority Tax Claims (IRS, wages): $35,000.00

**Estimated Remaining for Unsecured Claims:** $37,678.29

**Total General Unsecured Claims (Estimated):** $175,000.00

**Estimated Recovery to Unsecured Creditors in Chapter 7:** ~21.5%

**Conclusion:** Under this hypothetical liquidation scenario, unsecured creditors would recover approximately 21.5% of their claims. By contrast, under the proposed Plan of Reorganization, Class 4 unsecured creditors are projected to receive more than they would in Chapter 7, fulfilling the best interest of creditors test.

Respectfully submitted,

**IFR Foundation Repair Inc.**