

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 3, 2025**

_____

**United States Bankruptcy Judge**

_____

## United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**IFR Foundation Repair Inc.**<br>4800 Benbrook Blvd.<br>Fort Worth, TX 76116<br>EIN: 46-2297346<br><br>**Debtor** | **Case No. 25-40111-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

### ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
### PLAN OF REORGANIZATION UNDER U.S.C. § 1191(b)

The Court considered confirmation of the Debtor's Amended Subchapter V Plan of Reorganization (the "Plan") [Dkt. 57]. Having reviewed the Plan, the confirmation record, any objections and responses, and the evidence and argument presented, the Court finds and concludes as follows:

### I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      **Jurisdiction, Venue, and Core Proceeding.** The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408–09. Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

2.      **Eligibility and Subchapter V Status.** Debtor is eligible for relief under Subchapter V, and a Subchapter V trustee was appointed.

3.    **Notice**. Adequate and proper notice of the Plan and the confirmation hearing has been given under the Bankruptcy Code, Bankruptcy Rules, and this Court's orders. Any objections to notice are overruled.

4.    **Pre-confirmation modifications**. The Plan, as amended, contains modifications that do not adversely change the treatment of any creditor or interest holder who has not accepted the Plan. Under Bankruptcy Rule 3019(a) and 11 U.S.C. § 1193(a), no additional solicitation is required, and the Plan may be confirmed as modified.

5.    **Section 1129(a) (except (8), (10), and (15))**. The Debtor has satisfied all applicable requirements of 11 U.S.C. § 1129(a) other than paragraphs (8), (10), and (15) (which are excepted by § 1191(b)), including without limitation: good faith (§ 1129(a)(3)); disclosure of post-confirmation management (§ 1129(a)(5)); best interests of creditors (§ 1129(a)(7)); priority treatment of claims including taxes (§ 1129(a)(9)); feasibility (§ 1129(a)(11)); and payment of fees (§ 1129(a)(12)).

6.    **Tax claims; § 511 and § 1129(a)(9)(C)**. The Plan provides interest at the statutory rate required by 11 U.S.C. § 511, equal monthly installments and retention of tax liens until payment in full, and completion of priority tax payments no later than five years from the Petition Date, satisfying § 1129(a)(9)(C) and § 511.

7.    **Impaired non-accepting classes**. One or more impaired classes did not accept the Plan. Classes 1 (Secured Tax Claims), 3 (Priority Claims), 4 (General Unsecured Claims), 5 (Equity), and 6 (Methner Judgment Claim) are impaired under the Plan. Section 1191(b) therefore governs confirmation.

8.    **No unfair discrimination; fair and equitable**. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired, non-accepting class, as required by § 1191(b) and (c). With respect to secured claims, the Plan satisfies § 1129(b)(2)(A). With respect to non-priority unsecured claims, beginning on the date the first plan payment is due, the Plan commits the Debtor's projected disposable income for not less than three years (and up to five years as set forth in the Plan), or provides property of a value not less than such projected disposable income over the same period, satisfying § 1191(c)(2). The Plan further shows either that the Debtor will be able to make all payments under the Plan or, alternatively, a reasonable likelihood of payment together with appropriate remedies in the event of default, satisfying § 1191(c)(3).

9.    **Claims of Class 4 (General Unsecured Claims) and Class 6 (Methner Claim)**. The Plan is modified as follows: With respect to Class 4, general unsecured creditors shall receive pro rata distributions totaling not less than $79,000 over the first thirty-six (36) months of the Plan, which represents a commitment of projected disposable income for that period. With respect to Class 6, the Methner Judgment Claim shall receive $75,000 over months 1 through 36 of the Plan, with the remaining balance of the allowed claim paid in full over months 37 through 60.

10.    **Disbursements under § 1194(b)**. The Plan designates the Debtor as the disbursing agent, and that designation is approved.

Page 2

11. **Resolution of objections**. The tax-related issues raised by Tarrant County are resolved by the Plan as amended; any remaining objections are overruled. The Texas Comptroller's requested default and cure language is incorporated into the Plan and approved.

12. **Conclusions of law**. Confirmation of the Plan under § 1191(b) is warranted and in the best interests of the estate, creditors, and equity interest holders.

## II.   ORDER

A.   **Confirmation**. The Amended Subchapter V Plan of Reorganization [Dkt. 57], as modified by this Order, is confirmed under 11 U.S.C. § 1191(b). For avoidance of doubt, (i) Classes 1, 3, 4, 5, and 6 are impaired; (ii) Class 4 creditors shall receive pro rata distributions totaling not less than $79,000 over the first 36 months; (iii) Class 6 shall receive $75,000 over months 1–36, with the balance paid in full over months 37–60; and (iv) the Class 6 claimant shall have 14 days from entry of this Order to seek reconsideration.

B.   **Protective Clause for Class 6**. The Class 6 claimant shall have **14 days from the entry of this Order** to move for reconsideration of this confirmation order if the claimant contends that the treatment of its claim as set forth herein materially differs from the treatment provided for in the Amended Plan.

C.   **Binding effect; vesting**. Under § 1192 and § 1141, the provisions of the confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and all creditors and equity interest holders, whether or not such holders have accepted the Plan. Property of the estate vests in the Debtor as provided in the Plan, free and clear of liens, claims, and interests except as otherwise stated in the Plan and this Order, including the retention of statutory tax liens until payment in full.

D.   **Treatment of taxing authorities**. The Plan's treatment of all priority and secured tax claims—including § 511 interest, equal monthly installments, statutory lien retention through payment in full, and completion of payments no later than five years from the Petition Date—is approved and shall govern. The Texas Comptroller's default and cure provisions included in the Plan are approved and shall be enforceable.

E.   **Disbursing agent**. Under § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by the Plan in the manner and on the schedule set forth therein.

F.   **Subchapter V trustee; early termination; reappointment reserved**. Effective as of the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and seeking allowance and payment of any fees and expenses under § 330 as Administrative Expenses under §§ 503(b) and 507(a)(2). The Court retains jurisdiction to reappoint the Subchapter V Trustee (or appoint a successor) for cause upon motion and notice, including in the event of material default under the Plan or failure to make timely distributions.

G.  **Administrative expenses and U.S. Trustee fees**. Administrative Expense Claims, including professional compensation and expenses allowed under § 330, shall be paid as provided in the Plan and this Order. Fees due under 28 U.S.C. § 1930(a)(6) shall be paid when due until entry of a final decree.

H.  **Implementation and effectuation**. The Debtor, and any person or entity acting by, through, or on behalf of the Debtor, is authorized and directed to take all actions necessary or appropriate to consummate and implement the Plan and this Order.

I.  **Retention of jurisdiction**. The Court retains jurisdiction to interpret, implement, and enforce the Plan and this Order, including, without limitation, to resolve claim objections; enter orders regarding defaults, remedies, or enforcement of taxing-authority rights; address issues concerning distributions; consider any request for reappointment of the Subchapter V Trustee; and enter a final decree.

J.  **Final decree**. Upon substantial consummation and satisfaction of applicable requirements, the Debtor may move for entry of a final decree closing the case.

# # # END OF ORDER # # #

Approved and submitted by:

Clayton L. Everett
State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Counsel for the Debtor