FILED

B1040 (FORM 1040) (12/24)

FEB 26 2025

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) CLERK, U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS |
|---|---|

| PLAINTIFFS Dr Michael J Methner Lisa Methner 4201 C.... Rd 1022 Cleburne TX 76033 | DEFENDANTS Integrity Foundation Repair (IFR) |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Contact Dr. Methner 817-680-8261 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | ☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. 523(a)(6) willful malicious Injury
11 U.S.C. 523(a)(2)(A) False Pretenses, actual Fraud
False representations

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 170,000. |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Integrity Foundation Repair | BANKRUPTCY CASE NO.<br>25-40111-elm 11 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE<br>Edward Lee Morris |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>02-24-2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dr Michael Methner<br>817-6808261 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Case 25-04003-elm    Doc 1    Filed 02/26/25    Entered 02/26/25 14:13:34    Desc Main Document    Page 3 of 40

Exhibit C: Plaintiffs Original Complaint    DEFENDANT'S EXHIBIT C

**From:** michael methner atomant461@gmail.com

**Subject:** Regarding Case 25-40111-elm11: Request for Consideration of Non-Dischargeability Under 11 U.S.C. § 523

**Date:** Feb 24, 2025 at 10:33:27 AM

**To:** frances.smith@judithwross.com

Your Honor,

For the past four years, my wife and I have pursued legal action against Mr. Marshall and Integrity Foundation Repair (IFR) for intentional fraud that resulted in significant damage to our home. Following a jury trial, IFR was found guilty of intentional fraud on every count. Unfortunately, due to my fixed income, largely resulting from my battle with stage three throat cancer, and the burden of ongoing legal fees, I can no longer afford legal representation. I sincerely apologize for any inconvenience this may cause the Court.

I respectfully draw the Court's attention to the United States Bankruptcy Code, specifically 11 U.S.C. § 523(a)(6), which addresses willful and malicious injury. If I am interpreting this statute correctly, it indicates that debts arising from fraudulent judgments are non-dischargeable, meaning they remain enforceable despite Chapter 11 bankruptcy proceedings.

For your review, I've attached the Final Judgment issued in this case. On June 13, 2024, IFR was found guilty of knowingly and intentionally committing fraud. The jury's findings are reflected in the final judgment, with the following key interrogatories:

1. Did IFR engage in false, misleading, or deceptive acts or practices that the Methner's relied on to their detriment, causing damage to their home?

• Jury: Yes

2. Did IFR engage in this conduct intentionally?

• Jury: Yes

3. Did IFR engage in this conduct knowingly?

• Jury: Yes

According to 11 U.S.C. § 523(a)(6):

DEFENDANT'S EXHIBIT C

• Willful: The debtor acted with intent.

• Malicious: The act was wrongful, without just cause or excuse, with malice inferred from the circumstances.

The jury's findings clearly demonstrate IFR's knowing and intentional misconduct.

Additionally, under 11 U.S.C. § 523(a)(2)(A) (False Pretenses, False Representations, or Actual Fraud), the jury determined that:

• The debtor made false statements,

• Knew the statements were false,

• Intentionally made those statements,

• We, the creditors, relied on them,

• The false statements directly resulted in damages.

In light of these findings, we respectfully petition the Court to exclude IFR's debt from discharge under their Chapter 11 filing, pursuant to:

• 11 U.S.C. § 523(a)(6): Willful and Malicious Injury

• 11 U.S.C. § 523(a)(2)(A): False Pretenses, False Representations, or Actual Fraud

Furthermore, it is important to note that IFR's Chapter 11 filing was only possible by violating multiple court orders, including Judge Gallagher's final order requiring the turnover of all financial records by January 2, 2025. This order was violated, enabling IFR to file for Chapter 11 bankruptcy with your court on January 16, 2025.

Mr. Marshall also repeatedly committed perjury during deposition, falsely claiming that IFR was insured. We have included supporting documentation for your review. We will begin filing the appropriate paperwork required by your

court today.

    We are prepared to provide access to all relevant court records should the Court require further reference. Please do not hesitate to contact me directly at (817) 680-8261.

We sincerely appreciate the Court's time and consideration of this matter.


Respectfully submitted,

Dr. Michael J. Methner

Internal Medicine

100% Disabled Veteran, USN/USMC Corpsman

**DEFENDANT'S EXHIBIT C**

*synd 9·12·24*

096-334100-22

FILED
TARRANT COUNTY
8/26/2024 10:25 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-334100-22

| | | |
|---|---|---|
| DR. MICHAEL METHNER AND LISA METHNER | § § § | IN THE DISTRICT COURT |
| PLAINTIFFS | § § § | |
| VS. | § § | 96th JUDICIAL DISTRICT |
| IFR FOUNDATION REPAIR INC. D/B/A INTEGRITY FOUNDATION REPAIR CO. | § § § § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

## FINAL JUDGMENT

On June 10, 2024, the above-styled case was called to trial. Plaintiffs, Dr. Michael Methner and Lisa Methner ("Methners" or "Plaintiffs'), and Defendant IFR Foundation Repair Inc. d/b/a Integrity Foundation Repair Co. (the "Defendant"), appeared by attorneys of record and in person and announced ready. Having been previously demanded, a jury ("Jury") consisting of twelve jurors was duly empaneled, and the case proceeded to trial. The Court determined it had jurisdiction over the subject matter and the parties to this proceeding. The trial proceeded to trial before the Jury. On June 13, 2024, after the close of all the evidence, the Court submitted the case to the Jury, and after due deliberations, the Jury delivered its verdict on June 13, 2024. The Court received, filed, and entered of record the Jury's findings.

At the conclusion of the evidence, the Court submitted the disputed questions of fact to the Jury. The Jury found that Defendant breached the agreement at issue, and such breach was not excused. The Jury awarded breach of contract damages to Plaintiffs. The Jury also found that Defendant violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") and awarded damages in favor of Plaintiffs ("DTPA Damages"). The Jury completed answers to Plaintiffs' attorneys' fees question and awarded Plaintiffs their attorneys' fees ("Plaintiffs' Attorneys' Fees").

The Charge of the Court and the verdict of the Jury, which the Court accepted, are fully incorporated herein for all purposes by reference and attached as **Exhibit A**. The FINAL JUDGMENT of the Court has considered the Jury's verdict, the evidence presented at trial, any motions for judgment, motions to disregard certain jury findings and/or proposed judgment submitted by the parties, and the Court's previous orders and rulings. Accordingly, the Court has determined that a Final Judgment is proper on the terms stated therein.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that:

a.)    Subject to Plaintiffs' Objection and because the Court required Plaintiffs to submit a proposed judgment showing an election between theories of recovery, Plaintiffs elect recovery under the DTPA; thus, Plaintiffs shall have and recover actual damages from Defendant in the amount of $35,000.00; ✻

b.)    For Plaintiffs' Attorneys' Fees through trial, Plaintiffs additionally shall have and recover from Defendant in the amount of $135,000.00;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** Plaintiffs shall recover from Defendant post-judgment interest as follows: this Final Judgment shall bear post-judgment interest on all amounts awarded to Plaintiffs herein at the rate of 8.25% compounded annually from the date hereof until the date this Final Judgment is satisfied;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all court costs incurred by Plaintiffs are adjudged against Defendant. Court costs are defined as clerks fees and service fees due the county, fees incurred serving citations and subpoenas, court-reporter fees for the original stenographic transcripts of trial/hearings, deposition costs for the original transcript (not additional copies) plus any exhibits, $10 per day for each witness subpoenaed to attend a trial (TEX. CIV. PRAC. & REM. CODE § 22.001), and such other costs and fees as may be permitted by these rules and state statutes;

Final Judgment    Page 2
Cause No. 096-334100-22

✻ The Court finds that the Jury awarded $35,000 in future damages for "The reasonable and necessary cost to repair the Methners' home" in response to Question No. 3 and that the Jury awarded $35,000 in future damages for "The reasonable and necessary cost to repair the Methners' home" in response to Question No. 9. Therefore, Plaintiff's objection that the Court "has ruled against Plaintiffs in their attempt to obtain a full recovery" is overruled.

Case 25-04033-elm    Doc 1    Filed 02/26/25    Entered DEFENDANT'S EXHIBIT C    Page 8 of 40    Desc Main
Document    Page 8 of 40

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all writs and processes necessary for the enforcement and collection of this Final Judgment shall issue as many and as often as necessary;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all relief not expressly granted in this Final Judgment is hereby DENIED; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this is a FINAL JUDGMENT and finally and completely disposes of all parties and claims and is appealable.

SIGNED this _12_ day of _Sept_. 2024.

_____
JUDGE PRESIDING

1736236-v1/16608-002000

Final Judgment
Cause No. 096-334100-22

Page 3

Case 25-04033-elm   Doc 26-3   Filed 08/11/26   Entered 08/11/26 13:12:34   Desc
Exhibit C: Plaintiffs Original Complaint   Page 9 of 40

Case 25-04033-elm   Doc 1   Filed 02/26/25   Entered 02/26/25 Page 9 of 40   Desc Main
Document      Page 9 of 40      DEFENDANT'S EXHIBIT C

FILED
TARRANT COUNTY
6/14/2024 4:49 PM
THOMAS A. WILDER
DISTRICT CLERK

096-334100-22

# ORIGINAL

CAUSE Nº 096-334100-22

| | | |
|---|---|---|
| DR. MICHAEL METHNER and LISA METHNER, | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| — versus — TEXAS | § § § | TARRANT COUNTY, |
| IFR FOUNDATION REPAIR, INC., d/b/a INTEGRITY FOUNDATION REPAIR CO., | § § § § | |
| Defendant. | § | 96TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

CHARGE OF THE COURT
Cause Nº 096-334100-22;  *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 1 of 17 Pages

**EXHIBIT A**

Here are the instructions for answering the questions:

1.  Do not let bias, prejudice, or sympathy play any part in your deliberations.

2.  Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions.  Do not consider or discuss any evidence that was not admitted in the courtroom.

3.  You are to make up your own minds about the facts.  You are the sole judges of the credibility of the witnesses and the weight to give their testimony.  But on matters of law, you must follow all of my instructions.

4.  If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.  All the questions and answers are important.  No one should say that any question or answer is not important.

6.  Answer "Yes" or "No" to all questions unless you are told otherwise.  A "Yes" answer must be based on a preponderance of the evidence.  Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence.

    The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case.  If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."  A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence.  For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

    A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7.  Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision.  Answer each question carefully without considering who will win.  Do not discuss or consider the effect your answers will have.

8.  Do not answer questions by drawing straws or by any method of chance.

CHARGE OF THE COURT
Cause № 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 2 of 17 Pages

9.    Some questions might ask you for a dollar amount.  Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.    Do not trade your answers.  For example, do not say, "I will answer this question your way if you answer another question my way."

11.    The answers to the questions must be based on the decision of at least 10 of the 12 jurors.  The same 10 jurors must agree on every answer.  Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of misconduct, and I might have to order a new trial and start this process over again.  This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial.  If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## JURY QUESTIONS

### QUESTION N⁰ 1:

Did IFR Foundation Repair, Inc., d/b/a Integrity Foundation Repair Co. ("IFR Foundation Repair, Inc.) fail to comply with the agreement outlined in Plaintiffs' Exhibit 2?

Answer "Yes" or "No."

ANSWER: ___yes___.

CHARGE OF THE COURT
Cause N⁰ 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 4 of 17 Pages

Case 25-04033-elm    Doc 1    Filed 02/28/25    Entered 02/28/25 13:12:46    DEFENDANT'S EXHIBIT C
Document    Page 13 of 40

If you answered "Yes" to Question 1, then answer the following question; otherwise, do not answer the following question and proceed to Question 3.


## QUESTION N° 2:

Was Integrity Foundation Repair Co.'s failure to comply excused?

A defendant's failure to perform a contract may be excused if the performance is waived by a Plaintiff.  Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Answer "Yes" or "No."

ANSWER:  no                .


CHARGE OF THE COURT
Cause N° 096-334100-22;  *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 5 of 17 Pages

If you have answered "Yes" to Question No. 1, then answer Question No. 3.   Otherwise, do not answer Question No. 3.

## QUESTION Nº 3:

What sum of money, if paid now in cash, would fairly and reasonably compensate the Methners for their damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other:

➤    The reasonable and necessary cost to repair the Methners' home.

In answering questions about damages, answer each question separately.   Do not increase or reduce the amount in one answer because of your answer to any other question about damages.   Do not speculate about what any party's ultimate recovery may or may not be.   Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.   Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1.    Damages sustained in the past            $  0

2.    Damages that, in reasonable            $ 35,000
probability, will be sustained
in the future.

CHARGE OF THE COURT
Cause Nº 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 6 of 17 Pages

## QUESTION Nᵒ 4:

Did IFR Foundation Repair, Inc., engage in any false, misleading, or deceptive act or practice that Dr. Michael Methner and Lisa Methner ("the Methners") relied on to their detriment and that was a producing cause of damages to the Methners?

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"False, misleading, or deceptive act or practice" means any of the following:

a. Representing that goods or services had or would have characteristics that they did not have.

b. Representing that goods or services are or will be of a particular quality if they were of another.

c. Representing that an agreement confers or involves rights that it did not have or involve.

d. Representing that a guaranty or warranty confers or involves rights that it did not have or involve.

Answer "Yes" or "No."

ANSWER: _yes_____.

CHARGE OF THE COURT
Cause Nº 096-334100-22; *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 7 of 17 Pages

DEFENDANT'S EXHIBIT C

## QUESTION N⁰ 5:

Was the failure, if any, of IFR Foundation Repair, Inc., to comply with a warranty a producing cause of damages to the Methners?

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"Failure to comply with a warranty" means any of the following:

a.    Failing to comply with an express warranty.

An express warranty is any affirmation of fact or promise made by IFR Foundation Repair, Inc., that relates to its work on the foundation for the Methners' home and becomes part of the basis of the bargain. It is not necessary that formal words such as "warrant" or "guarantee" be used or that there be a specific intent to make a warranty.

— *or* —

b.    Failing to perform services in a good and workmanlike manner.

A good and workmanlike manner is that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work.

Answer "Yes" or "No."

ANSWER:    **yes**          .

CHARGE OF THE COURT
Cause N⁰ 096-334100-22;  *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 8 of 17 Pages

DEFENDANT'S EXHIBIT C

## QUESTION N<u>O</u> 6:

Did IFR Foundation Repair, Inc., engage in any unconscionable action or course of action that was a producing cause of damages to the Methners?

"Producing cause" means  a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred.  There may be more than one producing cause.

An unconscionable action or course of action is an act or practice that, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience or capacity of the consumer to a grossly unfair degree.

Answer "Yes" or "No."

ANSWER:    _no_____.

CHARGE OF THE COURT
Cause № 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 9 of 17 Pages

If you answered 'Yes" to Question 4 or Question 5 or Question 6, then answer the following question; otherwise, do not answer the following question.

**QUESTION NO 7:**

Did IFR Foundation Repair, Inc., engage in any such conduct intentionally?

"Intentionally" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or detrimental ignorance of the unfairness. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally or may be inferred from facts showing that the person acted with such flagrant disregard of prudent and fair business practices that the person should be treated as having acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to the Methners.

Answer "Yes" or "No."

ANSWER:   yes                    .

CHARGE OF THE COURT
Cause Nº 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 10 of 17 Pages

DEFENDANT'S EXHIBIT C

If you answered 'Yes" to Question 4 or Question 5 or Question 6, then answer the following question; otherwise, do not answer the following question.

## QUESTION N° 8:

Did IFR Foundation Repair, Inc., engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question or actual awareness of the conduct constituting a failure to comply with a warranty. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to the Methners.

Answer "Yes" or "No."

ANSWER: __yes_____.

DEFENDANT'S EXHIBIT C

If you have answered "Yes" to either Questions 4, 5 or 6, then answer Question No. 9.

Otherwise, do not answer Question No. 9.

## QUESTION N° 9:

What sum of money, if paid now in cash, would fairly and reasonably compensate the Methners for their damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other:

> The reasonable and necessary cost to repair the Methners' home.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

1. Damages sustained in the past     $ —0—

2. Damages that, in reasonable probability, will be sustained in the future.     $35,000

If your answer to Question 7 or Question 8 was **unanimously** "Yes," then answer the following question; otherwise, do not answer the following question.

You are instructed that you must <u>unanimously</u> agree on the amount of any award of exemplary damages.

## QUESTION N<sup>O</sup> 10:

What sum of money, if any, in addition to actual damages, should be awarded to the Methners against IFR Foundation Repair, Inc., because IFR Foundation Repair, Inc.'s conduct was committed knowingly or intentionally?

Factors to consider in awarding exemplary damages, if any, are —

a.      The nature of the wrong;

b.      The character of the conduct involved;

c.      The degree of culpability of IFR Foundation Repair, Inc.

d.      The situation and sensibilities of the party concerned;

e.      The extent to which such conduct offends a public sense of justice and propriety;

f.      The net worth of the IFR Foundation Repair, Inc.

Answer in dollars and cents, if any.

ANSWER:     $ _____ .

CHARGE OF THE COURT
Cause Nº 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 13 of 17 Pages

## QUESTION Nº 11:

What is a reasonable fee for the necessary legal services of the Methners' attorney?

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Answer with an amount in dollars and cents for each of the following:

a.    For representation in the trial court                        $ 135,000

b.    For representation in the court of appeals                   $ 0

c.    For representation at the petition for review stage in the Supreme Court of Texas    $ 0

d.    For representation at the merits briefing stage in the Supreme Court of Texas        $ 0

e.    For representation through oral argument and the completion of proceedings in the Supreme Court of Texas    $ 0

1.  When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.  The presiding juror has these duties:

    a.  have the complete charge read aloud if it will be helpful to your deliberations;
    b.  preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
    c.  give written questions or comments to the bailiff;
    d.  write down the answers you agree on;
    e.  get the signatures for the verdict certificate; and
    f.  notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror?  If you do not, please tell me now.

1.  You may answer the questions on a vote of 10 jurors.  The same 10 jurors must agree on every answer in the charge.  This means you may not have a group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2.  If 10 jurors agree on every answer, those 10 jurors sign the verdict.
    If 11 jurors agree on every answer, those 11 jurors sign the verdict.
    If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.  All jurors should deliberate on every question.  You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers.  But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

4.  There are some special instructions before Question No 10 explaining how to answer that question.  Please follow the instructions.  If all 12 of you answer that question, you will need to complete a second verdict certificate for that question.

Do you understand these instructions?  If you do not, please tell me now.

DATE: _June 13, 2024_

TIME: _11:03 a. m._

_____
J. PATRICK GALLAGHER, III, JUDGE PRESIDING

CHARGE OF THE COURT
Cause Nº 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 15 of 17 Pages

## VERDICT CERTIFICATE

**CHECK ONE:**

_____    Our verdict is unanimous.   All 12 of us have agreed to each and every answer.
The presiding juror has signed the certificate for all 12 of us.

_____    _____
SIGNATURE OF PRESIDING JUROR                        PRINTED NAME OF PRESIDING JUROR

_____    Our verdict is not unanimous.   Eleven of us have agreed to each and every
answer and have signed the certificate below.

____✓_____    Our verdict is not unanimous.   Ten of us have agreed to each and every answer
and have signed the certificate below.

**JURORS' SIGNATURES**                        **JURORS' PRINTED NAMES**

*Sheryl Ingram*                              Sheryl Ingram

*Christina Barton*                           Christina Barton

*Keshona Henry*                              Keshona Henry

*Scott McDonald*                             Scott McDonald

*David Jeffery*                              David Jeffery

*Marie Boyd*                                 MARIE Boyd

*Harold Dary*                                Harold Dary

*Mirah Williams*                             Mirah Williams

*Bertha Martin*                              Bertha Martin

*Cora Fitzgerald*                            Cora Fitzgerald

CHARGE OF THE COURT
Cause Nº 096-334100-22;   *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 16 of 17 Pages

DEFENDANT'S EXHIBIT C

If you have unanimously answered Question Nº 10, then you must sign this certificate also.

### ADDITIONAL CERTIFICATE

I certify that the jury was unanimous in answering the following question. All 12 of us agreed to the answer. The presiding juror has signed the certificate for all 12 of us.

Question Nº 10

_____        _____
SIGNATURE OF PRESIDING JUROR            PRINTED NAME OF PRESIDING JUROR

CHARGE OF THE COURT
Cause Nº 096-334100-22;  *Dr. Michael Methner, et al. v. IFR Foundation Repair, Inc. ...*
Page 17 of 17 Pages

DEFENDANT'S EXHIBIT C

096-334100-22

FILED
TARRANT COUNTY
12/19/2024 4:45 PM
THOMAS A. WILDER
DISTRICT CLERK

096-334100-22

FILED
TARRANT COUNTY
12/18/2024 3:44 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-334100-22

| | | |
|---|---|---|
| DR. MICHAEL METHNER AND LISA METHNER | § § § | IN THE DISTRICT COURT |
| PLAINTIFFS, | § § | |
| VS. | § § | 96th JUDICIAL DISTRICT |
| IFR FOUNDATION REPAIR INC. D/B/A INTEGRITY FOUNDATION REPAIR CO. | § § § § | |
| DEFENDANT. | § | TARRANT COUNTY, TEXAS |

## ORDER ON PLAINTIFFS' MOTION TO COMPEL ANSWERS TO PLAINTIFFS' INTERROGATORIES IN AID OF JUDGMENT, AND TO PRODUCE DOCUMENTS, FOR TURNOVER RELIEF, AND THE APPOINTMENT OF A RECEIVER TO SUPPORT THE TURNOVER ORDER

On the 19th day of December, 2024 came on to be heard, Plaintiffs' Motion to Compel Answers to Plaintiffs' Interrogatories in Aid of Judgment, and to Produce Documents, for Turnover Relief, the Appointment of a Receiver to Support the Turnover Order. Whereupon, the Court, after a review of the Motion, the pleadings on file, and the argument of counsel, is of the opinion the Motion should be granted, IFR Foundation Repair Inc. d/b/a Integrity Foundation Repair Co. ("Defendant") should answer the Interrogatories, the Defendant should produce the documents requested, this Court should issue a Turnover Order, and that a Receiver should be appointed to facilitate the execution of the Turnover Order.

**IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED** the Defendant, deliver, complete, signed, and sworn answers to Interrogatories in Aid of Judgment to the attorney of record for Plaintiff on or before 5:00 a.m./p.m. on Jan , 2 2025 at the offices of Joe Tolbert, Brackett & Ellis, P.C., whose address is 100 Main St., Fort Worth, Texas 75240.

**IT IS FURTHER, ORDERED, ADJUDGED, and DECREED** that the Defendant deliver the documents for inspection, previously requested by the Plaintiffs in this cause, to the

attorney of record for Plaintiff on or before 5:00 a.m./p.m. on JAN, 2 2025 at the offices of Joe Tolbert, Brackett & Ellis, P.C., whose address is 100 Main St., Fort Worth, Texas 75240.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED by this Court that MICHAEL BERNSTEIN, whose address is 416 S. THIRD ST, GARLAND Texas 75040, phone number is 972-271-2700, fax number is 972-271-1818, be, and he is hereby appointed Receiver in this case pursuant to Tex. Civ. Prac. & Rem. Code Ann. §31.002 (the Texas Turnover Statute) with the power and authority to take possession of and sell all leviable nonexempt property of Defendant, including, but not limited to the following non-exempt property: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Defendant; (2) all financial accounts (bank accounts), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all real property, equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults: (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action or choses in action; (9) contract rights, whether present or future; and (10) accounts receivable; (11) obtain copies of all leases between the Defendant and Defendant's landlord and copies of all checks given to the Defendant's landlord for payment for the benefit of the Defendant; and (12) all collections including but not limited to stamps, coins, guns, crystal, sports cards and memorabilia, records, and trains; and that all such property shall be held in custodia legis of said Receiver as of the date of this Order.

IT IS FURTHER ORDERED that all third-parties in possession or constructive possession of assets and/or information about the Defendant including, but not limited to, cash and

funds on deposit, documentation, property or information regarding Defendant, which includes accounts, loan documents, or any other type of account wherein the Defendant is a signatory on the accounts, has an ownership interest in, or controls an entity of business under the same name as the Defendant or any other name, shall turnover or make available for turnover to the Receiver, said assets and information, including, but not limited to, cash and funds on deposit, documentation, property or information; within a reasonable time; upon request from the Receiver and within the requirements of this Order Appointing Receiver. Any information, documentation, or financial information provided to the Receiver of a confidential nature shall not be disclosed or released by the Receiver unless necessary to carry out the intent of this Order. Should any third-party referenced herein fail to comply with this Order, the Court may impose the appropriate sanctions provided for by the Texas Rules of Civil Procedure after the proper application therefor, with notice and opportunity for hearing granted to any interested or affected party.

~~Defendant is hereby **ORDERED** to immediately turnover to the Receiver within five (5) days from Defendant's receipt of a copy of this Order the documents contained in **Exhibit "A"** attached hereto, together with all documents and financial records which may be requested by the Receiver.~~

Defendant is hereby **ORDERED** to turnover to the above-named Receiver at the address stated above, within five (5) days of Defendant's receipt of a copy of this Order, all checks, cash, securities, (stocks and bonds), promissory notes, documents of title, and contracts owned by, has an interest in, or in the name of Defendant.

~~Defendant is hereby **ORDERED** to continue (until the Judgment in this cause is fully paid) to turnover to the Receiver at the Receiver's address all checks in the Defendant's possession or subject to his control, cash, securities, promissory notes, documents of title, and contracts within~~

---

~~three (3) days from the Defendant's receipt and possession of such property, if, as and when~~ ~~Defendant becomes in receipt and possession of any such property.~~ *JPM*

The Receiver is hereby authorized to take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of Defendant may be situated.

**IT IS FURTHER ORDERED** that the Receiver shall have the following rights, authority and powers with respect to the Defendant's property: (1) the right, authority, and power to collect all accounts receivable of Defendant; (2) the right, authority, and power to change locks to all premises at which any property is situated; (3) the right, authority, and power to open any mail addressed to Defendant, redirect the delivery of any mail addressed to Defendant, change the mailing address for Defendant so that any mail may come directly to the Receiver, and take such other action pertaining to the receipt and delivery of Defendant's mail, at the Receiver's discretion; (4) the right, authority, and power to endorse, cash and deposit all checks and negotiable instruments payable to Defendant in the Receiver's account that have been received by the Defendant and are in the Defendant's possession or subject to Defendant's control; (5) the right, authority, and power to hire a real estate broker to list and to offer to sell any real property and mineral interest belonging to the Defendant and to sell said property; (6) the right, power and authority to hire any person or company to move and store the property of Defendant; (7) the right, authority, and power (but not the obligation) to insure any property belonging to the Defendant; (8) the right, power, and authority to obtain from any financial institution, bank, credit bureau, credit union, savings and loan or any third party, any financial records belonging to or pertaining to the Defendant; and (9) the right, power, and authority to hire any person or company necessary to accomplish any right or power under this Order; (10) the right, power and authority to liquidate

---

DEFENDANT'S EXHIBIT C

any and all financial accounts owned by, or in the name of Defendant; and (11) the right, power and authority to commence, maintain, settle and control any cause of action which Defendant have the right to commence, maintain, settle or control.

Any Sheriff, Constable, their deputies, and any other authorized Peace Officers, are hereby **DIRECTED AND ORDERED** to assist the Receiver in carrying out his duties and exercising his powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the property of Defendant. The Receiver is authorized to direct any Constable, Sheriff, their deputies, and any other authorized Peace Officers to seize and sell property under a Writ of Execution.

**IT IS FURTHER ORDERED** that the Receiver and all persons acting under the direction of the Receiver shall be immune from liability for all actions taken by them to the extent such actions are permitted by this Order.

**NOTICE TO THIRD PARTIES:** YOU ARE HEREBY NOTIFIED THAT THE RECEIVER, TO THE EXCLUSION OF THE DEFENDANT, ARE THE PARTY ENTITLED TO POSSESS, SELL, LIQUIDATE AND OTHERWISE DEAL WITH DEFENDANT'S NONEXEMPT REAL AND PERSONAL PROPERTY. ONCE YOU HAVE RECEIVED NOTICE OF THIS ORDER, YOU MAY BE SUBJECT TO LIABILITY SHOULD YOU RELEASE ANY PROPERTY TO THE DEFENDANT, UNLESS OTHERWISE DIRECTED BY THE RECEIVER OR THE COURT.

**PERSONAL PROPERTY RIGHTS OF DEBTOR:** Receiver must comply with Texas Rule of Civil Procedure 679b.

**RECEIVER TO HOLD PROPERTY:** Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order.

**IT IS FURTHER ORDERED** the Receiver's fee and expenses of carrying out his duties are taxed as costs against the Defendant; the Receiver's fee is twenty-five percent (25%) of all proceeds coming into his possession which the Court finds is the customary and usual fee for a Turnover Receiver, subject to a later determination as to reasonableness by the Court, or to a written agreement with Defendant as to the amount of the fee paid to the Receiver; and to distribute all remaining proceeds to the attorney for the Plaintiff. *After Notice and Hearing* JPJ

**IT IS FURTHER ORDERED** that any postage, travel expenses, or other expenses and costs reasonably and necessary incurred in carrying out the terms of this Order of the Court shall be taxed against the Defendant as costs, and shall be collected by the Receiver from the Defendant which shall be in addition to those sums and amounts provided for in the judgment.

**IT IS FURTHER ORDERED** that the Plaintiff have and recover of and against Defendant, Judgment in the additional sum of $1,000.00 as additional attorney's fees for the presentation of this motion.

If the Defendant fails to comply with this order, Plaintiff or Receiver may move the Court to hold Defendant in contempt, one penalty for which may be confinement to jail.

The Receiver's fee and expenses of carrying out his duties are taxed as costs against the

Defendant. The Receiver is further ordered to take the oath of his office.

SIGNED this _____ 19 _____ day of _____ Dec _____, 2024.


_____
JUDGE PRESIDING

## EXHIBIT "A"
## DEFENDANT'S DOCUMENTS TO
## BE TURNED OVER TO RECEIVER

Any and all records, as hereinafter described, for the previous twenty-four (24) months through and including the date of this Order Appointing the Receiver, concerning affairs of Defendant.

1.  canceled checks;

2.  bank statements;

3.  pass books and check books;

4.  all other bank account records;

5.  federal income tax returns;

6.  property insurance policies;

7.  original or duplicates of all (2) wheel, (3) wheel and (4) wheel motor vehicle Certificates of Title and any other certificate of title to any boats (including jet ski), trailers, and airplanes and the name, address, and phone number of the lien holders on any of these items;

8.  stock certificates;

9.  bond certificates;

10. stock broker confirmation slips of trades and monthly statements;

11. copies of all financial statements given to any bank or any other person, firm or corporation;

12. promissory notes;

13. bills of sale;

14. real property deeds and deeds of trust;

15. business journals, ledger accounts payable and receivable files;

16. pledges and security agreements;

17. copies of state sales tax reports;

18. stock record book and minutes of any corporation, limited partnership, limited liability company, and partnership in which the Defendant has an ownership position, or option to purchase;

19. any other record or document evidencing any ownership to real or personal property or to any debt owed or money had;

20. all personal property returns filed with any taxing authority, including but not limited to any Appraisal District of the county where the Defendant has property;

21. all documents listing, or summarizing property owned by Defendant.

22. list of all animals and their location owned by the Defendant.

DEFENDANT'S EXHIBIT C

23.    lists of all collections which may include but is not limited to record collections, coin collections, gun collections, stamp collections, train collections, sports cards and memorabilia and crystal collections.

24.    list of all jewelry owned by Defendant.

25.    list all farm implements and equipment owned by the Defendant.

1819431-v2/16608-002000

DEFENDANT'S EXHIBIT C

# Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 95526733
Filing Code Description: No Fee Documents
Filing Description: ***ORDER ON PLTFS MOT TO COMPEL ANSWERS
TO PLTFS INTERROGATORIES IN AID OF JDG & TO PRODUCE
DOCS, FOR TURNOVER RELIEF & THE APPOINT OF A RCVR TO
SUPPORT THE TURNOVER ORDER***
Status as of 12/19/2024 4:49 PM CST

Associated Case Party: MICHAELMETHNER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joe D.Tolbert | | jtolbert@belaw.com | 12/19/2024 4:45:49 PM | SENT |
| Cindy Tucker | | ctucker@belaw.com | 12/19/2024 4:45:49 PM | SENT |

Associated Case Party: THEIFR FOUNDATION REPAIR INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Warren V.Norred | | warren@norredlaw.com | 12/19/2024 4:45:49 PM | SENT |
| Norred Law, PLLC | | court@norredlaw.com | 12/19/2024 4:45:49 PM | SENT |
| CHERYL DSMITH | | LAWOFFICE76102@YAHOO.COM | 12/19/2024 4:45:49 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Koronczok | | mkoronczok@belaw.com | 12/19/2024 4:45:49 PM | SENT |

Case 25-04033-elm   Doc 126-3   Filed 08/11/26   Entered 08/11/26 13:12:34   Desc
Documents   Page 36 of 40

DEFENDANT'S EXHIBIT

EXHIBIT C

From: **Joe Tolbert** jtolbert@belaw.com
Subject: **FW: Motion to Compel**
Date: **Nov 23, 2024 at 10:43:22 AM**
To: **michael methner** atomant461@gmail.com
Cc: **Deborah Carlisle** dcarlisle@belaw.com

Methners,

I spoke with Mr. Norred yesterday, and I asked him to send me an email explaining what he told me. You will see the email below, and I would like you to read it. He said the purpose of personal bankruptcy was to keep a personal creditor from foreclosing on "Property A" that he owns. He said he's "worked that out" and now wants to close his personal bankruptcy case early next year. He told me his client intends to take out a loan with "Property B," which he owns personally. With that money, he has said he would pay the settlement amount. Whether he will ultimately do that or not is up to him. It is encouraging news, however.

I will be out all day on Monday at a mediation meeting. If you have any questions, I should be around Tuesday and part of Wednesday.

Joe D. Tolbert
D: (817) 339-2433
F: (817) 870-2265
jtolbert@belaw.com
bio | vcard | website

**BRACKETT  ELLIS, P.C.**
ATTORNEYS AND COUNSELORS
FOUNDED IN 1975
100 MAIN STREET, FORT WORTH, TX 76102-3090


**BOARD
CERTIFIED**
Texas Board of Legal Specialization
CONSTRUCTION LAW

**From:** Warren Norred <wnorred@norredlaw.com>
**Sent:** Friday, November 22, 2024 7:56 PM
**To:** Joe Tolbert <jtolbert@belaw.com>
**Cc:** Deborah Carlisle <dcarlisle@belaw.com>; Clayton Everett <clayton@norredlaw.com>
**Subject:** Re: Motion to Compel

Joe, as we discussed on the phone, I thought it might be

DEFENDANT'S EXHIBIT C

helpful to explain where Jeff Marshall is, and why there is a hold up in resolution.

As you know, Jeff filed a Chapter 13 bankruptcy with our office in August. This was for him, personally, to stop execution of a judgment on a piece of real estate that he owns personally, and had zero to do with this case and the judgment owned by the Methners.

Since that filing, he's resolved the creditor issue, and now has a confirmed Chapter 13 bankruptcy plan. The problem is that the bankruptcy is interfering in his ability to sell or borrow money on the property. The bank needs the bankruptcy trustee to approve the sale, because a second piece of real estate (not the one previously mentioned) is a part of the bankruptcy estate.

There are two ways to resolve the issue, but neither option is immediate. As you may know, a person who is in a Chapter 13 bankruptcy can typically dismiss the bankruptcy. But if he does that, there is a period during which any interested party can contest the dismissal and try to force payment. While such an effort is very unlikely, there is a period that we have to wait, and then if

contested, there is another period to fight about it.

The second approach is to simply stop making payments. This almost always is successful, because creditors want to get paid, and without the protection of the bankruptcy, creditors can sue or collect on judgments. But the bankruptcy court won't dismiss the case without two monthly payments or so, and then the court still doesn't act immediately...so we're still in January, at best.

Due to the fact that the trustee and the banker all know of the situation, it seems most prudent to file a motion/notice of dismissal, give everyone the option to complain, and try to get it all done in a month. That's probably the fastest that it can be reasonably resolved.

In the meantime, I get completely that you want to move forward on the post-judgment discovery. I have asked Jeff to provide the documents, and if we have to get them to you over time, we will do that. I will copy you on the bankruptcy filings, and if you can see that it's happening, then I'd ask you to relent on the pressure to produce every little document, so long as we are making the progress that we wish to, but the bankruptcy filings are considerably

more information and it's already in an organized format, even if it doesn't include the business information.

I hope that this assists you and your client to recognize where we are, and how they can expect to get paid, and that we are not simply delaying things for no reason.

Cheers, and happy Thanksgiving,
Warren


Warren V. Norred, P.E.
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
817.704.3984 office
817.524.6686 fax


Contact us for matters involving Intellectual Property, Business Needs, Bankruptcy, and Wills & Estates.
Licensed to practice before the United States Patent and Trademark Office, all state and federal courts in Texas, the Federal Circuit, and the Supreme Court of the United States.



NORRED LAW
www.norredlaw.com

CONFIDENTIALITY NOTICE:  This message and any attachments contain information that may be confidential or legally privileged. The information is intended only for the use of the individual or entity to whom it is directed, regardless of the e-mail address. If you are not the intended recipient, you are notified that any examination, disclosure, copying, distribution or the taking of any action in reliance on, or with respect to, the contents of this information is strictly prohibited.  If you have received this e-mail message in error, please immediately notify the person identified as the sending person by reply e-mail or notify the sender by phone at 817-704-3984.

On Fri, Nov 22, 2024 at 11:30 AM Joe Tolbert <jtolbert@belaw.com> wrote:
**Please respond to this email by 3:30 p.m. today** to let me know if you agree or disagree with the Motion to Compel I filed yesterday.  The Motion contains the points that I need to make, so please look at that.  Please let me know if you agree to an order in whole or part.  Otherwise, let me know if you disagree with the Motion.

Again, I need to hear from you by 3:30 today.  Thanks.

Joe D. Tolbert
D: (817) 339-2433
F: (817) 870-2265
jtolbert@belaw.com
bio | vcard | website

**BRACKETT ELLIS, P.C.**
ATTORNEYS AND COUNSELORS
FOUNDED IN 1975
100 MAIN STREET, FORT WORTH, TX 76102-3090