<atomant461@icloud.com>
To: Michael Methner <atomant461@gmail.com>

Thu, Aug 20 at 4:49 PM

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **§ CASE NO. 4:25-bk-40111** |
| | **§** |
| **IFR FOUNDATION REPAIR INC.,** | **§ CHAPTER 11** |
| | **§ SUBCHAPTER V** |
| **Debtor.** | **§** |
| **DR. MICHAEL METHNER and LISA METHNER,** | **§ ADVERSARY NO. 4:25-ap-04033** |
| | **§** |
| | **§** |
| **Plaintiffs,** | **§** |
| | **§** |
| **v.** | **§** |
| | **§** |
| **IFR FOUNDATION REPAIR INC.,** | **§** |
| | **§** |
| **Defendant.** | |

FILED

AUG 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# PLAINTIFFS' MOTION TO CONTINUE TRIAL FOR AT LEAST 45 DAYS BASED ON UNAVAILABILITY OF THE CERTIFIED STATE-COURT TRIAL TRANSCRIPT

**TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiffs Dr. Michael Methner and Lisa Methner, appearing pro se, respectfully request that the Court continue the presently scheduled trial for at least forty-five days and modify the related pretrial deadlines. Alternatively, Plaintiffs request permission to supplement their exhibit designations and the evidentiary record with the certified state-court trial transcript when it becomes available. In support, Plaintiffs state:

**1.** This adversary proceeding concerns the treatment and dischargeability of the Texas judgment entered against IFR Foundation Repair Inc. in Methner v. IFR Foundation Repair Inc., Cause No. 096-334100-22, in the 96th District Court of Tarrant County, Texas.

**2.** The adversary trial is presently set for September 14, 2026, at 9:30 a.m., pursuant to Docket No. [NUMBER]. Plaintiffs request a reset to a date not earlier than forty-five days after the present setting, or to another date selected by the Court that provides at least forty-five additional days.

**3.** The primary and time-critical basis for this motion is that the certified state-court trial transcript will not be available before the present bankruptcy trial setting. Plaintiffs requested the transcript from the official court reporter for the state proceeding before Judge Gallagher on August 19, 2026. In her August 19, 2026 email, Jacci E. Walker, CSR, stated that the transcripts had not been prepared and would not be ready for "probably 30 days or more." A photograph of that email is attached as Exhibit A-1.

**4.** The written estimate from Jacci Walker, 96th District Court, concerns Cause No. 096-334100-22 and itemizes a $104 master index; transcript charges of $1,040 for June 10, 2024, $1,240 for June 11, 2024, $1,400 for June 12, 2024, and a separate charge for June 13, 2024; an $80 exhibit index; and $592 for exhibits. A photograph is attached as Exhibit A-2. Plaintiffs will provide a complete hard copy, which

controls if any figure is unclear in the photograph.

**5.** The delay is outside Plaintiffs' control. Plaintiffs have acted diligently, are attempting to obtain less costly certified electronic or designated excerpts, and do not seek delay for an improper purpose.

**6.** The state-court transcript contains material testimony from IFR representatives and other witnesses, including testimony concerning IFR's representations, engineering measurements, project records, corporate authority, knowledge, intent, reliance, causation, damages, and the authentication and admission of trial exhibits.

**7.** The transcript also contains the state court's evidentiary rulings and context necessary to compare the issues actually litigated and necessarily decided with the elements asserted under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), as incorporated if applicable through 11 U.S.C. § 1192.

**8.** Plaintiffs can obtain the certified final judgment, complete jury charge, signed verdict answers, live pleadings, and certified docket separately and intend to do so promptly. Those documents are important but do not reproduce the witness testimony, foundations, objections, limiting rulings, and other context contained in the transcript.

**9.** Without a short continuance or permission to supplement, Plaintiffs would be materially prejudiced in presenting the state-court record and responding to IFR's characterization of the prior trial.

**10.** Separately, Brackett & Ellis has provided Plaintiffs electronic access to a copy of the former-client file that Plaintiffs presently cannot download or print. Plaintiffs are working with Brackett & Ellis to resolve the access problem or otherwise make the file available in printable form. This secondary status fact is not the basis for expedited relief, and Plaintiffs request no turnover relief against Brackett & Ellis in this motion.

**11.** A continuance of at least forty-five days is limited and proportionate. It should allow the reporter's thirty-day production period plus time for the self-represented Plaintiffs to review the transcript, select page-and-line designations, prepare exhibits, and comply with the Court's pretrial requirements.

**12.** Bankruptcy Rule 7016 incorporates Federal Rule of Civil Procedure 16 in adversary proceedings. Rule 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Bankruptcy Rule 9006(b), to the extent applicable, authorizes enlargement of time for cause shown.

**13.** Judge Morris's published procedures state that a motion for continuance is required when the setting was made by court order. Plaintiffs therefore submit this written motion and will comply with any further setting or notice directed by the Court.

## REQUESTED RELIEF

Plaintiffs respectfully request that the Court:

1. Continue the trial presently set for September 14, 2026, at 9:30 a.m. for at least forty-five days;
2. Reset the related exhibit, witness, pretrial-order, and proposed-findings deadlines consistently with the new setting;
3. Alternatively, permit Plaintiffs to supplement their exhibit list and page-and-line transcript designations within seven days after receiving the certified transcript and, if necessary, reopen the record for the limited purpose of admitting the certified transcript;
4. Permit the parties to stipulate to the authenticity or admission of the certified judgment, charge, verdict, pleadings, docket, transcript excerpts, and state-court exhibits; and
5. Grant such other relief as is just and procedurally proper.

Plaintiffs do not request a ruling on the admissibility or ultimate effect of the transcript through this motion. They request only sufficient time and a fair procedure to obtain and present the certified record.

**Respectfully submitted,**

Dr. MJ Methner, Plaintiff Pro Se
4201 County Road 1022
Cleburne, Texas 76033
atomant461@gmail.com
817-680-8261

Lisa Methner, Plaintiff Pro Se
4201 County Road 1022
Cleburne, Texas 76033
atomant461@gmail.com
817-937-1354

## CERTIFICATE OF CONFERENCE

On [DATE], Plaintiffs contacted IFR's counsel, Norred Law, PLLC, by [EMAIL/TELEPHONE] and requested agreement to the relief sought. IFR [AGREES / OPPOSES / HAS NOT RESPONDED].

## CERTIFICATE OF SERVICE

8-25-2026

I certify that on [DATE], a true and correct copy of this filing was served on IFR's counsel, Norred Law, PLLC, at [SERVICE ADDRESS/EMAIL], and all other parties required by the Court's rules, by [METHOD].

Fort Worth office
7th st to Kailey

Dr. Michael Methner, Pro Se

Lisa Methner, Pro Se

## DECLARATION OF DR. MICHAEL METHNER

I, Dr. Michael Methner, declare under penalty of perjury under the laws of the United States that the factual statements concerning Plaintiffs' transcript request, the reporter's itemized estimate and production time, Plaintiffs' need for the transcript, and Plaintiffs' present inability to download or print the electronic former-client file are true and correct to the best of my personal knowledge. The attached hard copy of the reporter's estimate is a true and correct copy of the estimate received.

(8/25/2026) FORT WORTH

Executed on [DATE], at [CITY], Texas.

Dr. Michael Methner

## DECLARATION OF LISA METHNER

I, Lisa Methner, declare under penalty of perjury under the laws of the United States that the factual statements concerning Plaintiffs' transcript request, the reporter's itemized estimate and production time, Plaintiffs' need for the transcript, and Plaintiffs' present inability to download or print the electronic former-client file are true and correct to the best of my personal knowledge.

Just checking

**Jacci E. Walker** <jewalker2@tarrantcountytx.gov>
To: michael methner <atomant461@gmail.com>

Wed, Aug 19, 2026 at 11:50 AM

I'm adding up the number of exhibits right now and about to send an invoice to you. The transcripts haven't been prepared. This will not be ready for probably 30 days or more. This is not a fast process.

Jacci

Jacci Walker, CSR
Official Court Reporter
Tom Vandergriff Civil Courts Building
96th District Court
100 N. Calhoun, 4th Floor
Fort Worth, Texas
76196
817/884-1451

-----Original Message-----
From: michael methner <atomant461@gmail.com>
Sent: Wednesday, August 19, 2026 10:27 AM
To: Jacci E. Walker <jewalker2@tarrantcountytx.gov>
Subject: Just checking

EXTERNAL EMAIL ALERT! Think Before You Click!

---

Hoping to get transcripts today, thank you, Dr Mike and Lisa Methner Sent from my iPhone

Dr. Michael Methner
Ms. Lisa Methner

August 19, 2026

**JACCI WALKER**
96th DISTRICT COURT
100 N. Calhoun Street
Fort Worth, Texas 76196
817/884-1451

RE: *Cause No. 096-334100-22;*
*Dr. Michael Methner, et al. vs. IFR Foundation Repair, Inc.*

*Master Index..........................................................................$ 104.00*

Monday, June 10, 2024
Transcription of reporter's record..............................................$1,040.00

Tuesday, June 11, 2024
Transcription of reporter's record..............................................$1,240.00

Wednesday, June 12, 2024
Transcription of reporter's record..............................................$1,400.00

Thursday, June 13, 2024
Transcription of reporter's

**THANK YOU!**

Exhibit Index..........................................................................$ 80.00

Exhibits.......................................................................$ 592.00

**TOTAL AMOUNT DUE:**

**$4,936.00**