Michael J. Methner and Lisa Diane Methner, Plaintiffs pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com

FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

In re: IFR FOUNDATION REPAIR INC.,
Debtor.

Case No. 25-40111-elm11
Chapter 11, Subchapter V

MICHAEL J. METHNER and
LISA DIANE METHNER, Plaintiffs,
v.
IFR FOUNDATION REPAIR INC., Defendant.

Adversary No. 25-04033-elm
Hon. Edward L. Morris
Motion hearing: requested; not yet set
Trial: December 8, 2026
9:30 a.m. Central

**PLAINTIFFS' MOTION TO DETERMINE REMAINING TRIAL ISSUES CONCERNING JUDGMENT INTEREST AND, ALTERNATIVELY, FOR LEAVE TO FILE A LIMITED AMENDED COMPLAINT**

1. Plaintiffs, each appearing pro se solely on his or her own behalf, request a ruling that interest accompanying their state-court judgment may be determined in this adversary proceeding. Only if amendment is necessary, they request leave to file Exhibit A. They seek a procedural scope ruling, not an immediate interest award or a creditor-proposed plan modification.

2. The original complaint identified the attached Final Judgment. That judgment awards $35,000 actual damages and $135,000 trial attorney fees, plus costs, with 8.25% interest compounded annually until satisfaction. Appendix pp. 3-7. The January 10, 2025 petition separates prepetition and postpetition accrual.

3. The plan expressly preserves Class 6 from discharge. Confirmation modifies payment to $75,000 over months 1-36 and the balance of the allowed claim paid in full over months 37-60. Appendix pp. 8-11. Plaintiffs request determination of the interest consequences of those actual terms; payment-in-full language alone does not resolve them.

**Incorporated memorandum and requested relief**

4. Civil Rule 10(c), through Bankruptcy Rule 7010, incorporates a pleading's written-instrument exhibit. Civil Rule 54(c), through Bankruptcy Rule 7054(a), permits relief supported by the case even when not expressly demanded, except in default judgments. Rule 7016 and Civil Rule 16 permit definition of the remaining issues. These rules support a scope ruling; they do not override confirmation or eliminate fair notice.

5. Plaintiffs request determination of prepetition interest; interest during Chapter 11; continuing interest thereafter until satisfaction; the applicable rate and compounding; effective payment credits; and what interest is payable through the plan or survives afterward. Sections 502(b)(2), 1141(a), and 1193(c) and the confirmation terms must be applied. In re Gober, 100 F.3d 1195, 1208 (5th Cir. 1996), supports consideration of accompanying judgment interest, without deciding IFR's plan treatment.

6. Document 22 struck earlier amendments for lack of consent or leave. Appendix pp. 12-13. Plaintiffs now expressly request leave under Rule 7015/Civil Rule 15(a)(2), only if needed. Exhibit A incorporates the original complaint and actual attachments. If a scheduling deadline must change, Rule 16(b)(4) requires good cause; if a final pretrial order governs, Rule 16(e) applies. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535-36 (5th Cir. 2003), identifies delay, importance, prejudice, and possible continuance as relevant factors.

7. Exhibit C supplies Michael Methner's timing explanation, including his November 23, 2026 inquiry while finalizing trial materials. The request concerns the same judgment, adds no party, and preserves effective credits. Plaintiffs ask the Court to assess that explanation and IFR's actual need to respond. They seek the existing trial date if fair, or limited further process for the interest issue if needed.

8. Plaintiffs request a scope ruling; alternatively, leave for Exhibit A with a fair response opportunity; and identification of the governing pretrial deadlines and any necessary specific submission dates. No deadline changes merely upon filing. Separately preserved notice objections, existing adjudicated relief, and the separate main-case cure request remain preserved. The accompanying application requests expedited consideration; no setting has been approved.

Respectfully submitted,

Michael J. Methner, Plaintiff pro se    Lisa Diane Methner, Plaintiff pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com
Date signed: 11/24/2026

Michael J. Methner and Lisa Diane Methner, Plaintiffs pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

In re: IFR FOUNDATION REPAIR INC.,
Debtor.

Case No. 25-40111-elm11
Chapter 11, Subchapter V

MICHAEL J. METHNER and
LISA DIANE METHNER, Plaintiffs,
v.
IFR FOUNDATION REPAIR INC., Defendant.

Adversary No. 25-04033-elm
Hon. Edward L. Morris
Motion hearing: requested; not yet set
Trial: December 8, 2026
9:30 a.m. Central

# EXHIBIT A
# PLAINTIFFS' PROPOSED LIMITED AMENDED COMPLAINT CONCERNING JUDGMENT INTEREST

1. Plaintiffs, each pro se solely on his or her own behalf, expressly adopt and incorporate their original complaint, Adversary Document 1 filed February 26, 2025, and its attachments actually filed, under Civil Rule 10(c). The original request's January 16, 2025 petition-date reference is corrected to January 10, 2025. All original claims still pending and existing adjudicated relief are preserved; stricken Documents 18 and 20 are not revived.

2. Jurisdiction arises under 28 U.S.C. §§ 1334 and 157. This existing adversary proceeding concerns the judgment debt and its bankruptcy treatment. Plaintiffs consent to entry of final orders and judgment to the extent consent is required. Venue remains proper in this division. No new party or underlying transaction is added.

3. The September 12, 2024 judgment in Tarrant County Cause No. 096-334100-22 awards $35,000 damages, $135,000 trial attorney fees, and costs, with interest at 8.25% compounded annually until satisfaction. The complete three-page judgment at Appendix pp. 5-7 is incorporated as the judgment exhibit to this proposed pleading.

4. The original complaint sought relief under § 523(a)(2)(A) and (a)(6). Article VIII of the plan, as confirmed, expressly preserves Class 6 from discharge. Plaintiffs preserve that provision and existing adjudicated relief and request no redetermination of issues already decided.

5. IFR filed Chapter 11 January 10, 2025. The September 29, 2025 amended plan was confirmed as modified October 3, 2025 under § 1191(b). The confirmation order provides $75,000 for Class 6 over months 1-36 and the remaining allowed-claim balance paid in full over months 37-60. Appendix pp. 8-11. The effect on interest remains disputed.

6. Plaintiffs request determination of interest before the petition, during Chapter 11, and thereafter until satisfaction; the applicable rate and annual compounding; effective payment dates, allocations and credits; and what interest is payable through the plan or remains enforceable afterward. They request application of the judgment's 8.25% terms to the extent legally applicable. If a separate federal money judgment is entered, the Court should determine § 1961's effect without overlapping interest.

7. Plaintiffs request a judgment determining those interest obligations and the governing calculation. They assert no fixed net balance without proof of credits. This amendment requests no plan modification or relief from confirmation and does not waive separately preserved notice objections. Cure of missed installments and check replacement remain separately presented in the main case.

Respectfully submitted,

Michael J. Methner, Plaintiff pro se    Lisa Diane Methner, Plaintiff pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com
Date signed: 11/24/2024

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

In re: IFR FOUNDATION REPAIR INC., Debtor.
MICHAEL J. METHNER and
LISA DIANE METHNER, Plaintiffs,
v. IFR FOUNDATION REPAIR INC., Defendant.

Case No. 25-40111-elm11
Chapter 11, Subchapter V
Adversary No. 25-04033-elm
Hon. Edward L. Morris

**EXHIBIT B**
**PROPOSED ORDER DETERMINING REMAINING INTEREST ISSUES**

After notice and hearing on Plaintiffs' Motion to Determine Remaining Trial Issues Concerning Judgment Interest and, Alternatively, for Leave to File a Limited Amended Complaint, the Court orders:

1. Interest on the judgment identified in the operative complaint may be presented for determination, including accrual periods, rate, compounding, effective credits, and the confirmed plan's effect. All substantive defenses remain available. No interest amount is awarded by this order. Alternative leave to amend is denied as unnecessary.

2. Existing trial and pretrial requirements remain effective. Any needed deadline modification or further response opportunity will be addressed by separate order. No stipulation or approval by Defendant is inferred.

3. The confirmed plan, existing adjudicated relief, preserved notice objections, and separate main-case cure matter remain unaffected.

# # # End of Order # # #

Submitted by: Michael J. Methner and Lisa Diane Methner, Plaintiffs pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354

Michael J. Methner and Lisa Diane Methner, Plaintiffs pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com

FILED

NOV 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

In re: IFR FOUNDATION REPAIR INC.,
Debtor.

Case No. 25-40111-elm11
Chapter 11, Subchapter V

MICHAEL J. METHNER and
LISA DIANE METHNER, Plaintiffs,
v.
IFR FOUNDATION REPAIR INC., Defendant.

Adversary No. 25-04033-elm
Hon. Edward L. Morris
Expedited setting requested; not yet set
Trial: December 8, 2026
9:30 a.m. Central

**PLAINTIFFS' APPLICATION TO SHORTEN TIME AND FOR EXPEDITED CONSIDERATION OF INTEREST-SCOPE MOTION**

1. Under Bankruptcy Rule 9006(c)(1) and (d)(1), Plaintiffs request shortened time and expedited consideration of the accompanying procedural motion. Document 29 sets trial for December 8, 2026, at 9:30 a.m. Central. Appendix p. 14. The ordinary 21-day motion response period would extend beyond trial for a filing on November 24, 2026 or later.

2. Plaintiffs request a court-selected response deadline and setting permitting a fair scope ruling before trial, or at its outset if permitted. Exhibit C explains the timing. If a fair ruling cannot be made then, Plaintiffs request directions preserving the issue for further consideration. No shortened deadline or hearing is assumed approved.

3. Plaintiffs will notify the courtroom deputy, with notice to counsel. After judicial review and an actual setting, they will submit a conforming proposed scheduling order as directed and file and serve a separate hearing notice. This application requests no merits award and extends no deadline by itself. The shared certificates follow in this packet.

Respectfully submitted,

Michael J. Methner, Plaintiff pro se Lisa Diane Methner, Plaintiff pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com
Date signed: 11/24/2026

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED

NOV 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

Methner v. IFR Foundation Repair Inc.
Adversary No. 25-04033-elm | Main Case No. 25-40111-elm11

# CERTIFICATES OF CONFERENCE AND SERVICE

## Conference

I certify that the following describes my efforts to confer with Clayton L. Everett, counsel for IFR Foundation Repair Inc., concerning the proposed joint pretrial order:

**November 8, 2026:** Mr. Everett was unavailable for the first scheduled telephone conference concerning the proposed joint pretrial order.

**November 13, 2026:** A subsequent telephone call was cut short. Default was discussed, but discussion of the proposed joint pretrial order was not completed. Mr. Everett stated that he would call me on November 20, 2026 to continue that discussion.

**November 20, 2026:** I did not receive the promised follow-up call. As of November 22, 2026, that callback had not occurred. I remain willing to confer concerning the proposed joint pretrial order.

These events concern the proposed joint pretrial order. They do not establish a conference or counsel's position on the interest motion, alternative leave to amend, or expedited application.

______________________________

Michael J. Methner

## Service

I certify that on November 24, 2026, I served the motion, incorporated memorandum, Exhibits A-C, expedited application, and supporting appendix by United States mail, postage prepaid, addressed to:

Clayton L. Everett
Counsel for IFR Foundation Repair Inc.
Norred Law, PLLC
410 W. 7th Street, Suite 2
Fort Worth, TX 76102

______________________________ CERTIFIED/MAIL

Signature of person completing service
Printed name: Michael J. Methner

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED

NOV 25 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

Methner v. IFR Foundation Repair Inc.
Adversary No. 25-04033-elm | Main Case No. 25-40111-elm11

**EXHIBIT C - DECLARATION OF MICHAEL J. METHNER**

I, Michael J. Methner, declare from my personal knowledge:

1. I am a Plaintiff in this proceeding. My original request identified the Final Judgment as an attachment. I speak for my own understanding and actions.

2. I understood that the interest expressly awarded in the Final Judgment was part of the judgment debt presented through my original complaint and its attachment. While finalizing my trial materials on November 23, 2026, I sought clarification about whether an additional filing was necessary. I am now requesting an express ruling on that question and, only if amendment is necessary, permission to clarify the interest request. I am seeking determination of interest on the same judgment, with proper payment credits.

3. I submit this declaration to explain my understanding and the timing of the present request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/24/2024 at Cleburne, Texas.

[signature]

Michael J. Methner
4201 County Road 1022, Cleburne, TX 76033
817-680-8261

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Adversary No. 25-04033-elm

**SEPARATE SUPPORTING APPENDIX**

**2** Exhibit C: declaration of Michael J. Methner

**3-4** Original request: photographed body pages 1-2 (excerpts)

**5-7** Final Judgment: complete three-page judgment text

**8-9** Amended plan: source pages 4-5 (excerpts)

**10-11** Confirmation order: source pages 2-3 (excerpts)

**12-13** Document 22: complete two-page striking order

**14** Document 29: source page 2, December 8 trial setting (excerpt)

Photographic copies with background and contrast correction for readability; content and signatures are not recreated. Excerpts retain their source-page references. Appendix numbering does not change existing exhibit labels or establish admission or authentication. The complete docket-filed documents control. Plaintiffs request judicial notice of their existence and operative language, not of disputed factual allegations as established facts.

15 Document 29, source page 2 - photographic detail enlargements

ORDER REGARDING AD

3

Case 25-40111-elm11

From: michael methner atomant461@gmail.com
Subject: Regarding Case 25-40111-elm11: Request for Consideration of Non-Dischargeability Under 11 U.S.C. § 523
Date: Feb 24, 2025 at 10:33:27 AM
To: frances.smith@judithwross.com

Your Honor,

For the past four years, my wife and I have pursued legal action against Mr. Marshall and Integrity Foundation Repair (IFR) for intentional fraud that resulted in significant damage to our home. Following a jury trial, IFR was found guilty of intentional fraud on every count. Unfortunately, due to my fixed income, largely resulting from my battle with stage three throat cancer, and the burden of ongoing legal fees, I can no longer afford legal representation. I sincerely apologize for any inconvenience this may cause the Court.

I respectfully draw the Court's attention to the United States Bankruptcy Code, specifically 11 U.S.C. § 523(a)(6), which addresses willful and malicious injury. If I am interpreting this statute correctly, it indicates that debts arising from fraudulent judgments are non-dischargeable, meaning they remain enforceable despite Chapter 11 bankruptcy proceedings.

For your review, I've attached the Final Judgment issued in this case. On June 13, 2024, IFR was found guilty of knowingly and intentionally committing fraud. The jury's findings are reflected in the final judgment, with the following key interrogatories:

1. Did IFR engage in false, misleading, or deceptive acts or practices that the Methner's relied on to their detriment, causing damage to their home?

- Jury: Yes

2. Did IFR engage in this conduct intentionally?

- Jury: Yes

3. Did IFR engage in this conduct knowingly?

- Jury: Yes

According to 11 U.S.C. § 523(a)(6):

- Willful: The debtor acted with intent.
- Malicious: The act was wrongful, without just cause or excuse, with malice inferred from the circumstances.

The jury's findings clearly demonstrate IFR's knowing and intentional misconduct.

Additionally, under 11 U.S.C. § 523(a)(2)(A) (False Pretenses, False Representations, or Actual Fraud), the jury determined that:

- The debtor made false statements,
- Knew the statements were false,
- Intentionally made those statements,
- We, the creditors, relied on them,
- The false statements directly resulted in damages.

In light of these findings, we respectfully petition the Court to exclude IFR's debt from discharge under their Chapter 11 filing, pursuant to:

- 11 U.S.C. § 523(a)(6): Willful and Malicious Injury
- 11 U.S.C. § 523(a)(2)(A): False Pretenses, False Representations, or Actual Fraud

Furthermore, it is important to note that IFR's Chapter 11 filing was only possible by violating multiple court orders, including Judge Gallagher's final order requiring the turnover of all financial records by January 2, 2025. This order was violated, enabling IFR to file for Chapter 11 bankruptcy with your court on January 16, 2025.

Mr. Marshall also repeatedly committed perjury during deposition, falsely claiming that IFR was insured. We have included supporting documentation for your review. We will begin filing the appropriate paperwork required by your

096-334100-22

096-334100-22

FILED
TARRANT COUNTY
8/20/2024 10:25 AM
THOMAS A. WILDER
DISTRICT CLERK

FILED
TARRANT COUNTY
9/13/2024 11:22 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-334100-22

| | | |
|---|---|---|
| DR. MICHAEL METHNER AND LISA METHNER<br><br>PLAINTIFFS | § | IN THE DISTRICT COURT |
| VS. | § | 96th JUDICIAL DISTRICT |
| IFR FOUNDATION REPAIR INC. D/B/A INTEGRITY FOUNDATION REPAIR CO.<br><br>DEFENDANT | § | TARRANT COUNTY, TEXAS |

## FINAL JUDGMENT

On June 10, 2024, the above-styled case was called to trial. Plaintiffs, Dr. Michael Methner and Lisa Methner ("Methners" or "Plaintiffs"), and Defendant IFR Foundation Repair Inc. d/b/a Integrity Foundation Repair Co. (the "Defendant"), appeared by attorneys of record and in person and announced ready. Having been previously demanded, a jury ("Jury") consisting of twelve jurors was duly empaneled, and the case proceeded to trial. The Court determined it had jurisdiction over the subject matter and the parties to this proceeding. The trial proceeded to trial before the Jury. On June 13, 2024, after the close of all the evidence, the Court submitted the case to the Jury, and after due deliberations, the Jury delivered its verdict on June 13, 2024. The Court received, filed, and entered of record the Jury's findings.

At the conclusion of the evidence, the Court submitted the disputed questions of fact to the Jury. The Jury found that Defendant breached the agreement at issue, and such breach was not excused. The Jury awarded breach of contract damages to Plaintiffs. The Jury also found that Defendant violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") and awarded damages in favor of Plaintiffs ("DTPA Damages"). The Jury completed answers to Plaintiffs' attorneys' fees question and awarded Plaintiffs their attorneys' fees ("Plaintiffs' Attorneys' Fees").



DISTRICT COURT OF TARRANT COUNTY, TEXAS

The Charge of the Court and the verdict of the Jury, which the Court accepted, are fully incorporated herein for all purposes by reference and attached as **Exhibit A**. The FINAL JUDGMENT of the Court has considered the Jury's verdict, the evidence presented at trial, any motions for judgment, motions to disregard certain jury findings and/or proposed judgment submitted by the parties, and the Court's previous orders and rulings. Accordingly, the Court has determined that a Final Judgment is proper on the terms stated therein.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that:

a.) Subject to Plaintiffs' Objection and because the Court required Plaintiffs to submit a proposed judgment showing an election between theories of recovery, Plaintiffs elect recovery under the DTPA; thus, Plaintiffs shall have and recover actual damages from Defendant in the amount of $35,000.00; *

b.) For Plaintiffs' Attorneys' Fees through trial, Plaintiffs additionally shall have and recover from Defendant in the amount of $135,000.00;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** Plaintiffs shall recover from Defendant post-judgment interest as follows: this Final Judgment shall bear post-judgment interest on all amounts awarded to Plaintiffs herein at the rate of 8.25% compounded annually from the date hereof until the date this Final Judgment is satisfied;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all court costs incurred by Plaintiffs are adjudged against Defendant. Court costs are defined as clerks fees and service fees due the county, fees incurred serving citations and subpoenas, court-reporter fees for the original stenographic transcripts of trial/hearings, deposition costs for the original transcript (not additional copies) plus any exhibits, $10 per day for each witness subpoenaed to attend a trial (TEX. CIV. PRAC. & REM. CODE § 22.001), and such other costs and fees as may be permitted by these rules and state statutes;

* The Court finds that the Jury awarded $35,000 in future damages for "The reasonable and necessary cost to repair the Methners' home" in response to Question No. 3 and that the Jury awarded $35,000 in future damages for "The reasonable and necessary cost to repair the Methners' home" in response to Question No. 4. Therefore, Plaintiff's objection that the Court "has ruled against Plaintiffs in their attempt to obtain a full recovery" is overruled. *

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all writs and processes necessary for the enforcement and collection of this Final Judgment shall issue as many and as often as necessary;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all relief not expressly granted in this Final Judgment is hereby DENIED; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this is a FINAL JUDGMENT and finally and completely disposes of all parties and claims and is appealable.

SIGNED this 12 day of Sept. 2024.

[signature]
JUDGE PRESIDING

1736236-v1/16608-002000

A CERTIFIED COPY
ATTEST: 09/17/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: [signature]
DEPUTY

A failure by the reorganized Debtor to make payment to the Comptroller pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure the Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the Comptroller, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this Court. Notice of default shall be served by first class mail upon the Debtor: 4800 Benbrook Blvd., Suite A, Fort Worth, TX 76116, Attn: Chief Executive Officer, and upon Debtor's counsel: Norred Law, PLLC, 515 E. Border St., Arlington, TX 76010, Attn: Clayton Everett; clayton@norredlaw.com.

The Debtor shall be allowed to cure up to two (2) defaults. Upon the third default, the Comptroller, at its option, may declare a default non-curable and proceed to collect the remainder of the debt.

- **Class 4 (General Unsecured Creditors)**: Pro-rata distribution from disposable income over 36 months; estimated recovery: (minimum $17,500 per year aggregate).
- **Class 5 (Equity)**: Retains interest; subordinated to all creditor classes.
- **Class 6 (Methner Nondischargeable Claim)**: Paid in full from post-confirmation income and not subject to discharge. Methner will receive $2,833.33 per month post-confirmation until the claim of $170,000 is paid in full.

## ARTICLE VI – IMPLEMENTATION

- Debtor to fund payments from business income.
- Exhibit A (attached): Projected cash flow and disposable income.
- Exhibit B (attached): Liquidation analysis showing creditors receive more under the Plan than in Chapter 7.
- Debtor to retain all assets not used to fund plan payments.
- **Disbursing Agent.** Pursuant to 11 U.S.C. § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by this Plan. Distributions shall begin on the first business day of the month following the Effective Date and continue until all payments are completed, and may be made by check, ACH, or wire.
- **Early Termination; Reappointment Reserved.** Effective on the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and submitting/receiving payment of any fees and expenses allowed under 11 U.S.C. § 330 as Administrative Expenses. The Court retains jurisdiction to reappoint the Subchapter V

DEFENDANT'S EXHIBIT A

Trustee (or appoint a successor) upon motion and notice for cause, including any material default under this Plan, failure to make timely distributions, or as otherwise appropriate.

## ARTICLE VII – EXECUTORY CONTRACTS

All executory contracts and unexpired leases not rejected before the Confirmation Date shall be deemed assumed.

## ARTICLE VIII – DISCHARGE AND RETENTION OF CLAIMS

Confirmation discharges the Debtor of all debts provided for in the Plan, except as otherwise provided in *11 U.S.C. § 1192. The Methner claim classified in Class 6 shall not be discharged and shall be paid in full.*

## ARTICLE IX – MODIFICATION OF THE PLAN

Debtor may modify the Plan before confirmation. Post-confirmation modifications shall comply with § 1193.

## ARTICLE X – RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all matters related to the Plan, including:

- Plan implementation,
- Claim objections,
- Disputes concerning distributions,
- Modifications,
- Enforcement of confirmation order.

3. **Notice**. Adequate and proper notice of the Plan and the confirmation hearing has been given under the Bankruptcy Code, Bankruptcy Rules, and this Court's orders. Any objections to notice are overruled.

4. **Pre-confirmation modifications**. The Plan, as amended, contains modifications that do not adversely change the treatment of any creditor or interest holder who has not accepted the Plan. Under Bankruptcy Rule 3019(a) and 11 U.S.C. § 1193(a), no additional solicitation is required, and the Plan may be confirmed as modified.

5. **Section 1129(a) (except (8), (10), and (15))**. The Debtor has satisfied all applicable requirements of 11 U.S.C. § 1129(a) other than paragraphs (8), (10), and (15) (which are excepted by § 1191(b)), including without limitation: good faith (§ 1129(a)(3)); disclosure of post-confirmation management (§ 1129(a)(5)); best interests of creditors (§ 1129(a)(7)); priority treatment of claims including taxes (§ 1129(a)(9)); feasibility (§ 1129(a)(11)); and payment of fees (§ 1129(a)(12)).

6. **Tax claims; § 511 and § 1129(a)(9)(C)**. The Plan provides interest at the statutory rate required by 11 U.S.C. § 511, equal monthly installments and retention of tax liens until payment in full, and completion of priority tax payments no later than five years from the Petition Date, satisfying § 1129(a)(9)(C) and § 511.

7. **Impaired non-accepting classes**. One or more impaired classes did not accept the Plan. Classes 1 (Secured Tax Claims), 3 (Priority Claims), 4 (General Unsecured Claims), 5 (Equity), and 6 (Methner Judgment Claim) are impaired under the Plan. Section 1191(b) therefore governs confirmation.

8. **No unfair discrimination; fair and equitable**. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired, non-accepting class, as required by § 1191(b) and (c). With respect to secured claims, the Plan satisfies § 1129(b)(2)(A). With respect to non-priority unsecured claims, beginning on the date the first plan payment is due, the Plan commits the Debtor's projected disposable income for not less than three years (and up to five years as set forth in the Plan), or provides property of a value not less than such projected disposable income over the same period, satisfying § 1191(c)(2). The Plan further shows either that the Debtor will be able to make all payments under the Plan or, alternatively, a reasonable likelihood of payment together with appropriate remedies in the event of default, satisfying § 1191(c)(3).

9. **Claims of Class 4 (General Unsecured Claims) and Class 6 (Methner Claim)**. The Plan is modified as follows: With respect to Class 4, general unsecured creditors shall receive pro rata distributions totaling not less than $79,000 over the first thirty-six (36) months of the Plan, which represents a commitment of projected disposable income for that period. With respect to Class 6, the Methner Judgment Claim shall receive $75,000 over months 1 through 36 of the Plan, with the remaining balance of the allowed claim paid in full over months 37 through 60.

10. **Disbursements under § 1194(b)**. The Plan designates the Debtor as the disbursing agent, and that designation is approved.

11. **Resolution of objections**. The tax-related issues raised by Tarrant County are resolved by the Plan as amended; any remaining objections are overruled. The Texas Comptroller's requested default and cure language is incorporated into the Plan and approved.

12. **Conclusions of law**. Confirmation of the Plan under § 1191(b) is warranted and in the best interests of the estate, creditors, and equity interest holders.

## II. ORDER

A. **Confirmation**. The Amended Subchapter V Plan of Reorganization [Dkt. 57], as modified by this Order, is confirmed under 11 U.S.C. § 1191(b). For avoidance of doubt, (i) Classes 1, 3, 4, 5, and 6 are impaired; (ii) Class 4 creditors shall receive pro rata distributions totaling not less than $79,000 over the first 36 months; (iii) Class 6 shall receive $75,000 over months 1–36, with the balance paid in full over months 37–60; and (iv) the Class 6 claimant shall have 14 days from entry of this Order to seek reconsideration.

B. **Protective Clause for Class 6**. The Class 6 claimant shall have **14 days from the entry of this Order** to move for reconsideration of this confirmation order if the claimant contends that the treatment of its claim as set forth herein materially differs from the treatment provided for in the Amended Plan.

C. **Binding effect; vesting**. Under § 1192 and § 1141, the provisions of the confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and all creditors and equity interest holders, whether or not such holders have accepted the Plan. Property of the estate vests in the Debtor as provided in the Plan, free and clear of liens, claims, and interests except as otherwise stated in the Plan and this Order, including the retention of statutory tax liens until payment in full.

D. **Treatment of taxing authorities**. The Plan's treatment of all priority and secured tax claims—including § 511 interest, equal monthly installments, statutory lien retention through payment in full, and completion of payments no later than five years from the Petition Date—is approved and shall govern. The Texas Comptroller's default and cure provisions included in the Plan are approved and shall be enforceable.

E. **Disbursing agent**. Under § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by the Plan in the manner and on the schedule set forth therein.

F. **Subchapter V trustee; early termination; reappointment reserved**. Effective as of the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and seeking allowance and payment of any fees and expenses under § 330 as Administrative Expenses under §§ 503(b) and 507(a)(2). The Court retains jurisdiction to reappoint the Subchapter V Trustee (or appoint a successor) for cause upon motion and notice, including in the event of material default under the Plan or failure to make timely distributions.

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 4, 2026**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:<br><br>IFR FOUNDATION REPAIR INC.,<br><br>Debtor. | § | Case No. 25-40111-ELM<br><br>Chapter 11 |
| MICHAEL J. METHNER and<br>LISA METHNER,<br><br>Plaintiffs,<br>v.<br><br>IFR FOUNDATION REPAIR INC.,<br><br>Defendant. | § | Adversary No. 25-04033 |

**ORDER STRIKING PLEADINGS**

On February 26, 2025, the Plaintiffs initiated this adversary proceeding with the filing of their *Request for Consideration of Non-Dischargeability Under 11 U.S.C. § 523* [Docket No. 1] (the "**Complaint**"). On March 27, 2025, the Defendant filed its *Answer* [Docket No. 5] to the Complaint.

On April 10, 2026, the Plaintiffs filed their *Amendment to Adversarial Case No. 25-04033-elm* [Docket No. 18] (the "**Amended Complaint**"). Thereafter, on April 13, 2026, the Plaintiffs filed a supplement to their Amended Complaint [Docket No. 20] (the "**Amended Complaint**

Supplement"). Prior to filing the Amended Complaint and Amended Complaint Supplement, the Plaintiffs neither obtained the Defendant's consent to such filings nor obtained leave of Court, as required by Fed. R. Civ. P. 15(a)(2) (made applicable to adversary proceedings by Fed. R. Bankr. P. 7015).

Therefore, it is hereby:

**ORDERED** that the Amended Complaint and Amended Complaint Supplement shall be and are hereby STRICKEN from the record in this case.

### END OF ORDER ###

**Adversary Document 29 excerpt - source page 2**



[Docket No. 28] (the "**Motion to Expedite**"). Pursuant to the Continuance Motion, the Plaintiffs request that the trial be reset to provide sufficient time to secure a certified copy of a state court trial transcript. Subsequent to above-referenced filings, the Defendant informed the Court, by and through counsel, of its non-opposition to the requested continuance, and the parties have coordinated with the Court's Courtroom Deputy on a reset date.

Based upon the foregoing, it is hereby:

**ORDERED** that the Continuance Motion is GRANTED as provided herein; it is further

**ORDERED** that the trial in this adversary proceeding be and is hereby rescheduled to take place on **December 8, 2026, at 9:30 a.m. (prevailing Central Time)**, before the Honorable Edward L. Morris, U.S. Bankruptcy Court, at the Eldon B. Mahon U.S. Courthouse, 501 W. Tenth Street, Room 204, Fort Worth, Texas 76102; and it is further

**ORDERED** that, as a result of the foregoing, the Motion to Expedite is denied as moot.

### END OF ORDER ###

I hereby certify that the foregoing is a
true copy of the original thereof now in
my office this the 5 day of November
2026 Clerk, U. S. Bankruptcy Court
Northern District of Texas
By [signature] Deputy



Appendix

## Document 29 - photographic detail enlargements

Source page 2. Full photograph appears on the preceding page.

Enlarged photograph only; no text or handwriting recreated.

Case 25-04033-elm Doc 29 Filed 09/15/26 Entered 09/15/26 15:03:20 Desc Main Document Page 2 of 2

[Docket No. 28] (the "**Motion to Expedite**"). Pursuant to the Continuance Motion, the Plaintiffs request that the trial be reset to provide sufficient time to secure a certified copy of a state court trial transcript. Subsequent to above-referenced filings, the Defendant informed the Court, by and through counsel, of its non-opposition to the requested continuance, and the parties have coordinated with the Court's Courtroom Deputy on a reset date.

Based upon the foregoing, it is hereby:

**ORDERED** that the Continuance Motion is GRANTED as provided herein; it is further

**ORDERED** that the trial in this adversary proceeding be and is hereby rescheduled to take place on **December 8, 2026, at 9:30 a.m. (prevailing Central Time)**, before the Honorable Edward L. Morris, U.S. Bankruptcy Court, at the Eldon B. Mahon U.S. Courthouse, 501 W. Tenth Street, Room 204, Fort Worth, Texas 76102; and it is further

**ORDERED** that, as a result of the foregoing, the Motion to Expedite is denied as moot.

### END OF ORDER ###

**Certification detail - source page 2**

I hereby certify that the foregoing is a true copy of the original thereof now in my office this the 5 day of November 2026 Clerk, U.S. Bankruptcy Court Northern District of Texas By [signature] Deputy