**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

FILED
NOV 25 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In re: IFR FOUNDATION REPAIR INC., Debtor
Main Case No. 25-40111-elm11 | Chapter 11, Subchapter V
MICHAEL J. METHNER and LISA DIANE METHNER, Plaintiffs
v. IFR FOUNDATION REPAIR INC., Defendant
Adversary No. 25-04033-elm

# PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Trial: December 8, 2026, 9:30 a.m. Central. Submitted under L.B.R. 7016-1(b) and Bankruptcy Rule 7052.

## I. PROPOSED FINDINGS OF FACT

1. Adversary Doc. 22 struck Docs. 18 and 20; the original complaint, Doc. 1, remains operative. (E08, pp. 1-2.)

2. The September 12, 2024 judgment awards $35,000 actual damages and $135,000 trial attorney fees, plus costs, with interest at 8.25% annually, compounded annually until satisfaction. (E02, pp. 2-3.)

3. IFR filed Chapter 11 on January 10, 2025. (E13, p. 1.)

4. Plaintiffs rely on the September 29, 2025 amended plan and the entered confirmation order (E05; E06). Plaintiffs request that the Court determine the exact Class 6 payment terms, allowed balance, disbursing agent and effect on interest from the actual entered documents, without assuming that payment in full includes disputed interest.

5. Plaintiffs request that the Court apply the actual confirmation order, including its notice findings and any reconsideration provision, as shown by E06.

6. Tolbert's January 12, 2025 internal email states he received the bankruptcy email the previous night. E15 schedules the creditors' meeting for February 14. E17 bears a February 20 receipt notation; Plaintiffs identify that date as their first personal notice by fax. E20 is Michael's February 21 counsel-termination email. (E58, p. 1; E15; E17; E20.)

7. The January 5, 2026 transcript records statements about a preceding Friday discussion, service on Tolbert, and Everett's statement that he lacked the Methners' home address. These are the speakers' statements, rather than findings establishing each Plaintiff's receipt or knowledge. (E62, p. 3, lines 1-15; pp. 9-10.)

8. E23 contains seven check copies showing dates and face amounts. The copies alone do not establish clearance, allocation, or the net unpaid balance. (E23.)

9. Norred's November 22, 2024 email discusses Marshall's personal bankruptcy, the Methner judgment, financing, and document production. (E18, pp. 1-4.)

10. The production/turnover order was signed December 19, 2024; answers and records were due January 2, 2025. Automated eService lists Norred as SENT. (E60, pp. 1-2, 7; E61.)

11. The December 31, 2024 balance sheet shows a $6,162.50 difference between stated assets and liabilities/equity, and negative $176,863.52 Shareholder Distributions - Other. Those entries do not establish transfer dates. (E11, pp. 2-3.)

12. The October 2, 2024 trustee statement concerns supplied financial information in Marshall's separate Chapter 13 case, No. 24-42711-mxm13. (E42, pp. 1-2.)

13. E05, Article VIII, as confirmed by E06, expressly preserves Class 6 from discharge. Nondischargeability is not presented for redetermination.

## II. PROPOSED CONCLUSIONS OF LAW

1. Scope and existing determinations. E05, Article VIII, as confirmed by E06, preserves Class 6 from discharge. Nondischargeability is not submitted for redetermination. Plaintiffs request determination of the remaining issues properly before the Court, including whether judgment interest may be determined here. The operative complaint, its actual attachments, and entered orders govern. Civil Rule 10(c), through Bankruptcy Rule 7010, makes pleading attachments part of the pleading; it does not independently establish entitlement to every remedy. Main-case cure relief remains separately presented.

2. Nonconsensual Subchapter V and scope of nondischargeable liability. Plaintiffs rely on the nonconsensual confirmation provisions of § 1191(b), subject to the entered order. Sections 1181(c) and 1192 provide the applicable discharge framework; § 1141(a) separately addresses the plan's binding effect. Avion Funding, L.L.C. v. GFS Industries, L.L.C. (In re GFS Industries, L.L.C.), 99 F.4th 223 (5th Cir. 2024), applies § 523(a)'s debt categories to corporate debtors under § 1192(2). Cohen v. de la Cruz, 523 U.S. 213, 218-223 (1998), includes liability arising from fraud, including associated attorney fees and costs, within § 523(a)(2)(A). These authorities provide context for the confirmed preservation from discharge and remaining interest issues; no new dischargeability determination is requested. Neither decision alone determines the applicable interest rate or the effect of IFR's confirmed plan on interest.

3. Prepetition interest, if within the issues properly before the Court. The judgment supplies the stated rate and compounding. Tex. Fin. Code §§ 304.005-304.006. Plaintiffs request accrued interest from September 12, 2024 to the January 10, 2025 petition cutoff, with proven effective credits and the claim record applied. Section 502(b)(2) excludes unmatured interest, rather than interest already accrued before filing. Any interest already included in the allowed claim must be counted once.

4. Accompanying interest during Chapter 11. Gober v. Terra + Corp. (In re Gober), 100 F.3d 1195, 1208 (5th Cir. 1996), holds accompanying postjudgment interest likewise nondischargeable when the primary debt is nondischargeable due to willful and malicious conduct. See Cohen, 523 U.S. at 218-23. Plaintiffs request application of that rule to surviving judgment interest, at 8.25% compounded annually with proper credits, subject to governing law, IFR's plan and entered orders. Claim allowance under § 502(b)(2) and surviving debtor liability are distinct.

5. Continuing accrual through satisfaction. Bruning v. United States, 376 U.S. 358, 360-63 (1964), and In re Johnson, 146 F.3d 252, 260-61 (5th Cir. 1998), support surviving interest in tax cases. Allen v. Romero (In re Romero), 535 F.2d 618, 623 (10th Cir. 1976), supplies a persuasive construction-fraud example under the former Act. Plaintiffs request legally surviving interest through satisfaction. These cases do not independently determine IFR's plan terms or rate. Confirmation, discharge and closure are distinct. 11 U.S.C. § 350; Bankruptcy Rule 3022. Determine 28 U.S.C. § 1961's application to any separate federal money judgment without duplicate interest.

6. Notice, to the extent relevant to a permitted issue. The Court should determine filing notice, amended-plan notice, and confirmation notice separately, including service, receipt, actual knowledge, and counsel's authority for each Plaintiff. Plaintiffs contend that inadequate timely notice deprived them of an opportunity to contest accrued and continuing interest treatment. The existing notice finding and the transcript's preceding Friday discussion must be addressed. Meaningful notice and an opportunity to be heard are required; personal nonreceipt alone does not establish a violation where adequate notice or actual knowledge existed. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271-276 (2010). A lost opportunity does not require proof that the omitted objection necessarily would have prevailed. See Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84-87 (1988). Relief from confirmation requires a properly presented procedural and legal basis.

7. Payment credits and reconciliation. The Court should identify each credit's effective date, amount, and allocation from the instruments and payment records. An ordinary uncertified check taken for an obligation generally suspends it pending payment, certification, or dishonor. Tex. Bus. & Com. Code § 3.310(b). Apply governing law and plan terms to each transaction; count originals and replacements once. Stale-check reissuance and missed installments are separate matters. A fixed unpaid balance or installment arrears requires a reconciliation through one stated date.

8. Production, financial records, and separate bankruptcy. Findings 9-12 are proposed only insofar as relevant to an issue properly before the Court. Actual compliance with E60 requires production evidence; postpetition enforcement is subject to 11 U.S.C. § 362. E11 does not establish an improper transfer, and E42 does not establish IFR's later payment performance. Marshall's personal bankruptcy did not, by itself, extend its stay to IFR. E18 remains subject to applicable evidentiary rules, including Rules 408, 801(d)(2), and 901.

## III. PROPOSED DISPOSITION

Plaintiffs rely on E05 Article VIII's preservation of Class 6 from discharge as confirmed by E06 and do not request that it be decided again. Plaintiffs request a ruling whether interest is properly before the Court. If so, Plaintiffs request determination of prepetition interest, surviving interest during Chapter 11 and thereafter until satisfaction, applicable rate and compounding, effective credits, and a balance through one stated date or the further accounting required. Notice-related relief is requested only upon proven facts and a proper procedural basis. Separate main-case cure relief remains for the appropriate main-case procedure.

Respectfully submitted,

____________________ Michael J. Methner, pro se
____________________ Lisa Diane Methner, pro se
4201 County Road 1022, Cleburne, TX 76033
Michael: 817-680-8261 | Lisa: 817-937-1354
atomant461@gmail.com

## CERTIFICATE OF SERVICE

Adversary No. 25-04033-elm

I certify that on 11/24/2026, I served a true and correct copy of PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by United States certified mail, postage prepaid, addressed to:

Clayton L. Everett, counsel for IFR
Norred Law, PLLC
410 W. 7th Street, Suite 2
Fort Worth, TX 76102

[signature] CERTIFIED/MAIL

Signature of person completing service